## FRANCIS P. OLIVER *vs.* WILLIAM DICKINSON.

A lease of " the wooden building south of the brick dwelling-house " of the lessor does not pass, as parcel of the wooden building, nor as appurtenant thereto, any title in an out-building, yard and passageway within a curtilage or inclosure adjoining the wooden building but not distinct from the brick house; but any right of way or other easement necessary to the enjoyment of the demised premises passes as appurtenant thereto, although not expressly mentioned in the lease.

TORT for entering the plaintiff's close in Worcester, and removing a building used for a storehouse and a privy, and obstructing a yard and passageway. The defendant justified under deeds from the executors of the will of John Green.

At the trial in the superior court, before *Rockwell*, J., it was agreed that Green formerly owned a lot of land abutting on Main Street in Worcester, (which street ran north and south,) on the front of which lot were situated two buildings, one wooden, the other of brick, and in the rear the building afterwards removed by the defendant, all substantially as represented in the following diagram :

Oliver *v.* Dickinson.

It was further agreed that the plaintiff was in occupation of the wooden building, using the lower floor as a shop for the sale of stoves, and the upper floor as a dwelling-house, on April 12, 1861, when Green gave him a lease in writing thereof, for the term of a year, at a rent payable every three months, and with a covenant for renewals annually until the lessor's death, and then for five years at the option of the lessee, the material part of said lease for the purposes of this case being the description therein of the leased premises as " the wooden building south of my brick dwelling-house, being the same building which he now occupies a part of as a stove store ; " that of the two doors which opened from the wooden building into the yard one was connected with the shop, and the other with the dwelling-house; that Green died October 17, 1865 ; that his executors renewed the lease for five years according to the covenant therein ; that on December 9, 1865, they conveyed to Lydia C. Nichols the northerly part of the lot, including the brick building, " subject to the rights, if any, which Francis P. Oliver may have under a written lease from said Green dated April 12, 1861," and on the same date conveyed to William Dickinson the rest of the lot, including the wooden building, " subject to any conditions con- tained in Lydia C. Nichols's deed in regard to the adjoining building, and also subject to any lease of Green to Oliver," and at the same time assigned to Dickinson all their rights in the

plaintiff's lease; and that the plaintiff afterwards, and before the defendant's acts which were the subject of this action, paid rent to the defendant.

The plaintiff offered parol evidence " tending to prove that at the time of the execution of the lease of April 12, 1861, and for many years previously up to this time, he not only used and occupied said wooden building in part for a stove store, but also for a dwelling-house, together with said yard, passageway and outbuilding in connection therewith and appurtenant thereto, under a lease, which he offered in evidence, from said John Green, of the same tenor and upon the same terms and with the same description of the premises with said lease of April 12, 1861, said outbuilding being used at that time and previously as aforesaid for storage of fuel for family use, and of stoves and castings for his store, and for a privy for his said dwelling-house, and said yard and passageway by his family in said dwelling-house, and for carting goods to and from his store, and said use and occupation as aforesaid of the premises continued until the death of said John Green, with his full knowledge and assent, and that said John Green, by his conduct and declarations upon the premises treated said passageway and outbuilding as belonging or connected with said building described in said lease, and that the plaintiff continued thereafter to use and occupy said premises in the same manner with the full knowledge and assent of the defendant up to the time of the alleged trespass." He also offered evidence " tending to prove that said outbuilding, yard and passageway were necessary and essential to the beneficial use of the premises described in the lease aforesaid." The judge, on the defendant's objection, excluded the evidence as incompetent. The plaintiff then contended " that the evidence offered tended to prove his right to maintain this action as the tenant at will of the defendant, independently of the lease." But the judge ruled " that the plaintiff could not maintain his action as matter of law, and upon the agreed facts and the above testimony directed a verdict for the defendant," which was returned; and the plaintiff alleged exceptions.

*G. Swan,* for the plaintiff.

*W. W. Rice*, for the defendant.

Gray, J.    The only express demise to the plaintiff was of the wooden building south of the lessor's brick dwelling-house.    No title in the separate outbuilding, the yard or the passageway, passed as parcel of " the wooden building," because they were not within a curtilage or inclosure adjoining it and distinct from the brick house which was not included in the lease; nor as appurtenant to the premises granted, because land will not pass as appurtenant to land.    2 Saund. 401, note.    *Leonard* v. *White*, 7 Mass. 6.    *Ammidown* v. *Ball*, 8 Allen, 293.    But any right of way or other easement necessary to the enjoyment of premises granted will pass as appurtenant, although (as in this case) there is no express mention of easements, privileges or appurtenances. 3 Kent Com. (6th ed.) 421.    *Kent* v. *Waite*, 10 Pick. 138.    *Pettingill* v. *Porter*, 8 Allen, 1.    The plaintiff, as the bill of exceptions states, introduced evidence (which is not reported in detail) " tending to prove that said outbuilding, yard and passageway were necessary and essential to the beneficial use of the premises described in the lease," which was excluded by the presiding judge as incompetent.    This exclusion was clearly erroneous, and for that reason the                                      *Exceptions are sustained.*