GEORGE W. BUSS *vs.* RICHARD B. DYER.

Suffolk. March 29, 1877. — August 30, 1878.

The owner of two adjoining lots of land built a house on each, with a chimney between them, which was built entirely on one lot, but was intended for the use of both houses, and had suitable entrances into it from each house. Afterwards, by simultaneous deeds, he conveyed one lot to A. and the other to B., describing the lots by metes and bounds, with "all rights, easements, privileges and appurtenances to the said land belonging," and with covenants of warranty against all incumbrances made or suffered by the grantor, but containing no reference to the chimney. In an action by A. against B. for taking down the chimney, the jury found that A. could have built a chimney on his own land at a reasonable cost, and returned a verdict for B. *Held*, that if A. had an easement in the chimney, it was one created by implication, as being absolutely necessary to the enjoyment of his estate; and that, on the finding of the jury, no such easement was created.

TORT for tearing down, refusing to rebuild and preventing the plaintiff from rebuilding, a chimney, in which the plaintiff claimed an easement. Writ dated March 16, 1875. Trial in the Superior Court, before *Pitman*, J., who allowed a bill of exceptions in substance as follows :

The plaintiff introduced evidence tending to prove that previously to July 12, 1844, John E. Thayer and Nathaniel Thayer built a block of five wooden houses on land owned by them on

Meridian Street, East Boston ; that these houses were then or afterwards numbered from 61 to 69 on said street, inclusive; that the chimney in question, at the time the block was built, was placed between the houses numbered 63 and 65, but wholly upon the premises of No. 65, for the use of both houses, and was con structed with connections or stove-holes for each house ; that on July 12, 1844, the Thayers conveyed by simultaneous deeds (which contained covenants against all incumbrances made or suffered by them) the premises No. 63 to Oliver Lewis, and the premises No. 65 to Martin Lewis, both deeds describing the premises by metes and bounds ; that by mesne conveyances the plaintiff became, on March 5, 1873, the owner of the premises No. 63 ; that on November 14, 1874, the chimney in question was torn down by the defendant, (to whom the house No. 65 was conveyed on October 7, 1874, by the heirs of Martin Lewis,) and was never rebuilt ; and that the defendant prevented the plaintiff from rebuilding, and refused to allow him to rebuild it. In none of the deeds or mesne conveyances above referred to was any specific mention made of any right to use the chimney in question, though in each the premises were conveyed with "all rights, easements, privileges and appurtenances to the said land belonging." The plaintiff claimed no right to use the chimney by prescription.

For the purpose of showing that a right to use the chimney passed by the deed from the Thayers to Oliver Lewis, by impli-cation, as an appurtenance to the house on the premises so con veyed, the plaintiff introduced evidence tending to show that, at the time Oliver Lewis became the owner of the premises No. 63, a suitable chimney, which would be a substitute for the chimney in question, could not be built wholly upon his premises at a rea-sonable cost and expense; but this was contradicted by the de-fendant. As bearing upon this question, evidence was introduced by both parties to show what would be the cost and expense of building such a chimney at the time of the trial and at the time when the chimney was torn down.

For the purpose of showing that the right to use the chimney in question had not been lost or extinguished, the plaintiff intro-duced evidence to prove that the chimney and the houses of himself and the defendant were in good condition up to the time

when the chimney was torn down; that they had not been destroyed by the elements or mere lapse of time; and that they were not in such a condition that they needed to be rebuilt from the bottom; and the defendant introduced evidence to prove the con rary, and that the plaintiff could have built a suitable chimney upon his own estate as a substitute for the one torn down at a very small cost, especially soon after the chimney had been torn down.

The plaintiff asked the judge to rule as follows: " If the plaintiff acquired a right to use the chimney in question under the deed from the Thayers to Oliver Lewis, such right so acquired was not lost or terminated until both the chimney and the houses of the plaintiff and defendant were destroyed by the elements or mere lapse of time, or were in such a condition that they had to be rebuilt from the bottom."

The judge refused so to rule; but instructed the jury that if such a right was acquired by the plaintiff through the deed from the Thayers to Oliver Lewis, yet if the chimney at the time it was torn down was unsafe and needed to be rebuilt from the bottom, the defendant had a right to tear it down, and the plaintiff could not recover. No instructions were given as to whether or not the condition of the houses of the plaintiff and defendant, or either of them, had anything to do with the duration of the alleged easement, or right to use the chimney in question, and the instructions given were objected to only on the ground of that omission. The jury were fully instructed on the other questions of law in the case; and, among other things, were instructed that no servitude, as claimed, could be created by implication of law unless there was a reasonable necessity therefor; and that if the plaintiff, with reasonable labor and expense, could have built a suitable chimney on his own estate, he could not claim a right to use that upon the defendant's premises.

The jury were further instructed to answer the following questions, and that if the second question was answered in the affirmative they need not answer the third question, but should return a verdict for the defendant: " 1. Did the houses now occupied by the parties respectively exist upon the estates at the time of the deeds from the Messrs. Thayer ? 2. Could the plaintiff at a reasonable cost have built a suitable chimney upon his

own estate, as a substitute for the one he claimed to use on the estate of the defendant? 3. Was the chimney in question so defective and unsafe as to require the defendant to take it down?" The jury answered the first and second questions in the affirmative; and returned a verdict for the defendant. The plaintiff alleged exceptions.

*E. T. Buss*, for the plaintiff.

*E. D. Sohier & C. A. Welch*, for the defendant.

SOULE, J. The deed of the Thayers, under which the plaintiff claims, was made and delivered when they were owners of the premises of the defendant. It makes no mention of any rights in the chimney on the adjoining premises. Their deed of the defendant's premises, given at the same time, contains covenants against incumbrances made or suffered by the grantors, and of warranty against all persons claiming under them. Each deed describes the lot of land conveyed by metes and bounds, without mentioning any buildings. The grantors having built the houses and the chimney, and being owners of both parcels, these covenants are as strong an expression of intention to convey the defendant's premises free of the easement claimed by the plaintiff as covenants of general warranty would have been. The words, "and all rights, easements, privileges and appurtenances to the said land belonging," in the deed of the plaintiff's premises, are of no effect to carry the easement in question, because no easement existed, while the fee of both parcels was held by the same owners. *Ammidown* v. *Granite Bank*, 8 Allen, 285. Moreover, the title conveyed by that deed is not older than the title conveyed by the deed of the defendant's premises, which covenants against any incumbrance created by the grantors. If, therefore, an easement to use the chimney was created in favor of the premises of the plaintiff, it was created by implication, as being absolutely necessary to the enjoyment of the estate.

We are aware that it has been held in some English cases, that a deed of premises carries the right to continue to enjoy, as easements, all privileges or conveniences in and upon adjoining lands of the grantor, which were apparent, and had been used by the grantor in connection with the premises before the conveyance; that the conveyance is a conveyance of the premises "as

they are." A leading case to this effect is *Pyer* v. *Carter*, 1 H. & N. 916. Similar doctrine has been held in New York. *Lampman* v. *Milks*, 21 N. Y. 505. We do not regard this as a correct view of the law.

It is a well established and familiar rule that deeds are to be construed as meaning what the language employed in them imports, and that extrinsic evidence may not be adduced to contradict or affect them. And it would seem that nothing could be clearer in its meaning than a deed of a lot of land, described by metes and bounds, with covenants of warranty against incumbrances. The great exception to the application of this rule to the construction of deeds is in the case of ways of necessity, where, by a fiction of law, there is an implied reservation or grant to meet a special emergency, on grounds of public policy, as it has been said, in order that no land should be left inaccessible for purposes of cultivation. This fiction has been extended to cases of easements of a different character, where the fact has been established that the easement was necessary to the enjoyment of the estate in favor of which it was claimed.

In this Commonwealth, grants by implication are limited to cases of strict necessity. *Carbrey* v. *Willis*, 7 Allen, 364, and cases cited. *Randall* v. *McLaughlin*, 10 Allen, 366. The case of *Pyer* v. *Carter* was denied by Lord Chancellor Westbury in *Suffield* v. *Brown*, 4 De G., J. & S. 185, which has been since recognized as containing the correct doctrine. *Crossley* v. *Lightowler*, L. R. 2 Ch. 478. *Watts* v. *Kelson*, L. R. 6 Ch. 166.

The case seems to have been tried in the Superior Court on the assumption by both parties that the obstacles, if any, to the erection of a chimney on the plaintiff's premises, were the same when the Thayers conveyed as when the chimney in question was taken down, and the question to the jury, and the instructions, appear to have been framed in accordance with that assumption, and without any objection or suggestion to the contrary by the plaintiff. We cannot, therefore, consider the objection now made, for the first time, that the question of necessity was to be determined by the state of things existing when the conveyance was made by the Thayers.

In this view of the case, it appears that the jury found that the use of the chimney was not necessary to the enjoyment of

the premises owned by the plaintiff. This being so, no easement in the chimney was reserved by implication in the deed to the defendant's grantor, and the defendant, in destroying the chimney, merely exercised a right of ownership.

It is unnecessary, therefore, to consider the question raised by the refusal to give the instruction asked for by the plaintiff. On the facts found by the jury, no easement in favor of the premises of the plaintiff having been created, the ruling as to how such easement could be determined, if it existed, became immaterial.                                                  *Exceptions overruled.*