LEWIS BASS *vs.* JAMES EDWARDS.

Norfolk. Jan. 23. — March 4, 1879. AMES & SOULE, JJ., absent.

If a person owning a lot of land fronting on a highway conveys the rear part of the lot, which is surrounded entirely by the land of persons other than the grantee, the latter has a right of way by necessity to the highway, over the remaining land of the grantor; but the mere fact that the grantor had for a long time used a particular route to the rear land will not justify the implication that he intended to convey a right to this way, and exclude him from assigning any other practical and convenient way to the highway.

If a grantee has a way by necessity over the remaining land of his grantor, and a particular way to the land conveyed has been so used by the grantor before the conveyance, and by the grantee after it, as to amount to a designation of this way as a convenient one, yet, if the grantor obstructs this way, the grantee may go over other parts of the land of the grantor.

A question of pleading not raised at the trial is not open on exceptions in this court, although the bill of exceptions states that the pleadings may be referred to.

TORT for breaking and entering the plaintiff's close, situated on Granite Street in Quincy, on May 17, 1876, and on divers other days and times between that day and September 6, 1877, the date of the writ. The answer admitted the title of the plaintiff to the premises described in the declaration, alleged that the defendant's wife and the plaintiff were children of Lewis Bass, who in his lifetime owned the plaintiff's lot and a lot in the rear thereof, both of which lots, on the death of Lewis Bass, came by inheritance equally to the plaintiff and the defendant's wife; that a partition was made between them, by which the front lot was assigned to the plaintiff and the rear lot to the defendant's wife; that Lewis Bass for more than thirty years before his death had used to pass from the rear lot over and across the front

lot to Granite Street, and that a passageway was appurtenant to the rear lot over the front lot to Granite Street, for use in the convenient enjoyment, cultivation and care of said rear lot; and that the defendant, acting as the agent of his wife, passed by the said customary way over the front lot, in the necessary care and husbandry of the rear lot, doing no damage save the unavoidable injury of careful passage.

At the trial in the Superior Court, before *Pitman*, J., without a jury, the following facts appeared:

Lewis Bass, the father of the plaintiff and of the defendant's wife, owned a large tract of land on the easterly side of Granite Street in Quincy. In 1844, he conveyed a strip of land running through his estate to the Old Colony Railroad Corporation, by the terms of which the grantee was to build a road underneath the track at a convenient place. His land on Granite Street was thus separated from the land in the rear by the railroad; but was soon afterwards connected with it by a culvert under the railroad.

In 1871, Lewis Bass conveyed the southerly part of the rear land, it being separated from the remainder by a ditch, to his daughter, Mrs. Edwards, by a warranty deed in the usual form, but making no mention of any right of way.

In 1873, Lewis Bass died, and by his will devised a portion of his land on Granite Street to his widow, and the residue of his estate to the plaintiff and Mrs. Edwards in equal shares.

On April 22, 1874, the plaintiff and Mrs. Edwards made mutual deeds of release and quitclaim, by which the plaintiff conveyed to Mrs. Edwards the rear lot, lying easterly of the railroad and northerly of the lot conveyed to her by her father; and Mrs. Edwards conveyed the lots lying between the railroad and Granite Street to the plaintiff. Each of these deeds contained a covenant that the land conveyed was free from all incumbrances made or suffered by the grantor, and also a covenant of warranty against the lawful claims and demands of all persons claiming by, through or under the grantor; and made no mention of any right of way.

At the time of the first conveyance to Mrs. Edwards, the lot was surrounded by the land of other persons, her husband owning a large parcel of land on the east side of both of the rear lots which ran through to School Street.

While Lewis Bass owned both the rear lots, his mode of access to them was by a walled passageway, about one hundred and twenty-five feet long, leading from Granite Street over land devised by him to his widow, thence over land now owned by the plaintiff, and thence through the culvert to the lot last conveyed to Mrs. Edwards; and, after he conveyed the lot to Mrs. Edwards in 1871, he continued to go to the other lot in the same way. This way was indicated by the tracks of wheels.

During the lifetime of Lewis Bass, the defendant used the same way to cart manure from Granite Street to the lot conveyed to his wife, but also made and used a way to this lot over his own land.

The defendant contended that there was a right of way from the two rear lots to Granite Street over the plaintiff's land, coming out on Granite Street some distance from the walled passageway; and admitted that, as agent of his wife, he used this way in going to and coming from the rear lots, for the purpose of cultivating the land, during the time mentioned in the declaration.

The judge found: 1. That the way through the walled passageway was a way of necessity for the rear lots, and had been used as the only way to these lots from Granite Street for more than twenty years prior to the conveyance of the lot to Mrs. Edwards by her father; and ruled that this established easement or method of use and enjoyment passed with the deed to her from her father.

2. That the same state of facts existed, up to the death of the testator, in regard to the other rear lot; and held that the devise to the widow and to the plaintiff and Mrs. Edwards did not extinguish this right; and that Mrs. Edwards had a right to the use of this way; and had no other right of way attached to either rear lot as a way of necessity.

3. That, prior to the trespasses complained of, the widow of Lewis Bass and the plaintiff had obstructed this ancient way; that the plaintiff had refused to point out or admit any right of way for Mrs. Edwards; and that the way sought to be established would be a reasonable way for both parties, and the most direct and convenient way for Mrs. Edwards, if a new way was to be established without reference to an existing use or way; but

ruled that neither the acts of third parties, nor the acts or refusal of the plaintiff, had. the effect to authorize the defendant to use this new way, as the agent of his wife; and found for the plaintiff in the sum of $25.

The defendant excepted to the ruling of the judge contained in the above paragraph marked "3." By the bill of exceptions, the pleadings might be referred to.

*J. Q. Adams*, for the defendant.

*C. H. Drew*, for the plaintiff.

MORTON, J.   We find some difficulty in ascertaining from the bill of exceptions the precise question of law intended to be submitted to us.   As we interpret it, the Superior Court ruled that Mrs. Edwards, by the deed from her father and by the partition between herself. and her brother, acquired a right to a defined and located way, passing into Granite Street through "the walled passageway;" that she had no other right of way over the plaintiff's land, and that, if the plaintiff obstructed and closed this way, she had no right to deviate from it and pass over his land in any other direction.

Her land and the land now owned by the plaintiff were formerly owned by their father, Lewis Bass.   In 1871, he conveyed one of the rear lots to Mrs. Edwards.   He died in 1873, and by his will devised all of this land of which he was then seised to the plaintiff and Mrs. Edwards.   In 1874, they made partition by mutual deeds, by which Mrs. Edwards acquired title to the other rear lot.   Both of her lots are separated from the public road by the land of the plaintiff.   Neither of the deeds to Mrs. Edwards contains any express grant of a right of way, and, as there is no access to her land, it is clear that she is entitled to a way of necessity over the front land.

It appeared at the trial that Lewis Bass for many years, in going to and from the rear land, had followed the same direction or path, which had become marked by the tracks of wheels. And the plaintiff now contends that this constituted a defined and located way, which was annexed *de facto* to the rear land, and which passed by implication to Mrs. Edwards, and therefore that, as this way furnished access to her land, she had no way by necessity over the front land.

In order to raise an implication that a certain way passes by a

deed, it must appear that the way was *de facto* annexed to the estate conveyed at the time of the grant, and that it was reason- ably necessary to the enjoyment of the estate. *Parker* v. *Ben nett,* 11 Allen, 388. *Carbrey* v. *Willis,* 7 Allen, 364. *Buss* v. *Dyer,* 125 Mass. 287. When Mrs. Edwards bought her land, it was necessary for the enjoyment of it that she should have a right of way over the front land to the highway, but there was no neces- sity that the way should follow this particular route. Equally convenient ways could be used over other parts of the land. The mere fact that the grantor had for a long time used a par- ticular route, adopted because it furnished a convenient approach to his rear land, would not justify the implication that he in- tended to convey a right to this way so as to exclude his right to assign any other practical and convenient way to the highway.

Upon the facts of this case, we are of opinion that Mrs. Ed- wards could not claim, by an implied grant, a right to a defined and located way passing to the highway through " the walled passageway," but that she is entitled to a way of necessity over the front land. It may be that the use of this way by the grantor before the conveyance, and by the grantee after, may operate as an assignment or designation of this way as a con- venient one, which would deprive the grantee of the right to use any other route while this was unobstructed. If this be so, yet it was a way of necessity, not limited by grant to a particular route, and it is well settled that, if the owner of the servient estate obstructs or closes such a way, the owner of the dominant estate has the right to deviate from the usual way and go over other parts of the land, doing no unnecessary damage. *Leonard* v. *Leonard,* 2 Allen, 543. *Farnum* v. *Platt,* 8 Pick. 339.

We are therefore of opinion that the court erroneously ruled that the defendant, as the agent of Mrs. Edwards, had not the right to pass over the adjoining land of the plaintiff.

The plaintiff now contends that this ground is not open to the defendant under the pleadings, but this point was not taken in the Superior Court, and is not properly before us upon this bill of exceptions.                    *Exceptions sustained.*