FRANCIS C. WELCH ᴇᴛ ᴀʟ. *v.* THOMAS O. McENANY, ᴇᴛ ᴀʟ.

Suffolk, June, 1905.

*Easement — Prescription — Non-apparent    User — Actual Knowledge.*

This is a petition for registration of title to a tract of land on Dudley street in Boston. The single question in the case is whether a right to maintain a drain across locus and thence over land of McEnany east to Hampden street has been acquired by prescription in favor of the estate of Davis and others to the west, as against both locus and the McEnany estate, and in favor of both the Davis estate and that of the petitioner over the estate of said McEnany. This drain was built prior to 1867 and at a time when both locus and the McEnany estate consisted of open, unoccupied land. There is no evidence that the owners of the alleged servient tenements had any actual knowledge of the drain. The drain is a deep drain, and there is nothing on the ground to indicate its existence beyond the fact that the houses on each of the several estates drain into it. I find as a fact that there was no actual knowledge on the part of the owners of either the petitioner or the McEnany estates that the drain extended west of their own premises, or was used by any estate above them.

It has been assumed by both sides that this case turns on the old and much discussed English case of Pyer *v.* Carter, 1 H. & N. 916, and the respondents, Davis et al, argue that that case has not been disapproved either here or in England.

It is to be noted, however, that the case at bar is one of

prescription, while Pyer *v.* Carter was a case of easement by implied reservation; also that, as pointed out by Professor Washburn, there were two principles involved in Pyer *v.* Carter in the phrase " such as it is " upon which that case is made to turn. By " such as it is " the court not only meant that the purchaser took the estate in the physical condition in which it then was, regardless of whether an easement similar to the one claimed could be secured for it at reasonable trouble and expense, but also that he took it as it actually was, regardless of whether the easement was apparent or within the actual knowledge of the owner of the alleged servient tenement, or not. As to the first of these principles, Professor Washburn thinks that the case has not been disapproved in the later English cases and in several of the states in this country; and he also thinks that that principle is right and that the Massachusetts doctrine to the contrary is wrong as a general principle of law. That the law in Massachusetts is to the contrary, however, he expressly points out, and there seems to be no doubt about the matter. Carbrey *v.* Willis, 7 Allen 364; Randall *v.* McLaughlin, 10 Allen 366; Washburn on Easements, Chap. 1, Sec. 3, ¶ 25*a et seq.* The Massachusetts cases which discuss Pyer *v.* Carter are themselves in some confusion as to whether in Massachusetts an easement will be presumed to be reserved when reasonably necessary to the enjoyment of the alleged dominant estate, or only when strictly necessary therefor, but this is immaterial to the present issue, the latter cases being even more opposed to Pyer *v.* Carter than the former. Buss *v.* Dyer, 125 Mass. 287; Bass *v.* Edwards, 126 Mass. 445; Johnson *v.* Knapp, 150 Mass. 267.

On the second principle involved in Pyer *v.* Carter, however, even Professor Washburn is of the opinion that that case has been fully disapproved and that it is wrong in principle, namely: that the easement need not be either apparent

or within the actual knowledge of the owner of the alleged servient tenement. The whole trend of the Massachusetts cases and actual practice in conveyancing is more and more toward reliance upon the record title, except in so far as a right has already been obtained by prescription, in which case it must, of course, pass as appurtenant thereafter regardless of the record. Prior to that time, however, user cannot be deemed to be open and adverse, of which the owner of the servient estate not only has no actual knowledge, but no means of knowledge. Johnson *v.* Knapp, *supra*. (Note: — And see Gray *v.* Cambridge, 189 Mass. 405, at 418.) I rule that no easement of drainage has been acquired either by or against the petitioner estate.

*Decree accordingly.*

C. G. Smith for petitioner.

R. G. McKelleget, J. C. Pelletier, C. A. McDonough for respondents.