LOTTA M. CRABTREE *vs.* WILLIAM A. MILLER.

Suffolk.    December 4, 1906. — February 26, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Landlord and Tenant.    Deed.*

A lease of a hotel for ten years contained this description of the leased premises: " buildings numbered 625 to 631 inclusive on Washington Street, Boston, Mass., together with the basement under said premises, meaning thereby the entire buildings, containing stores, and all floors over said stores meaning thereby all the real estate I now own on Washington Street excepting the building known as the Park Theatre." The lessor owned the adjoining building known as the Park Theatre and owned also a covered passageway leading from Washington Street, called a court, about eighty feet long and from ten to fourteen feet wide which for about twenty years had been used as an exit from the theatre, constituting a necessary part of its exits required by the building laws of the city of Boston, and which also was used as a passageway in connection with the hotel, from which two small doors opened upon it. This court was paved with stone flagging and was arched over, and a part of the hotel was built above it. The assignee of the lease closed the court by locking a gate at its entrance and claimed the right to use it for mercantile purposes. In a suit in equity to enjoin such use, it was *held,* that the description of the leased property included only buildings and that the court was not a building, that, if the court could be treated as belonging to a building, it was excluded expressly from the lease as a part of the Park Theatre, and that at any rate the right to the continued use of the court as an appurtenance of the theatre was included in the exception of the theatre building, so that the defendant's only right in the court was to use it as a passageway appurtenant to the hotel.

BILL IN EQUITY, filed April 28, 1903, by the owner of certain real estate on Washington Street in Boston, comprising a building formerly occupied as a part of a hotel called the Hotel Reynolds, a covered or arched way called Gibbons Court and a building known as the Park Theatre, to enjoin the defendant, who was the assignee of the lease of the plaintiff's hotel property from claiming an exclusive right in Gibbons Court or the right to use it for mercantile purposes and to compel him to leave the gate at the entrance of that court unlocked and open.

The case came on to be heard before *Braley*, J., who at the request of the parties reported it for determination by the full court, such decree to be entered as justice and equity might require.

*F. Paul*, for the plaintiff.

*H. V. Cunningham*, for the defendant.

KNOWLTON, C. J. On March 16, 1899, the plaintiff was the owner in fee of adjacent lots of land on Washington Street in Boston. These lots were occupied by buildings used as a hotel, by the Park Theatre, and by a covered passageway called Gibbons Court. Gibbons Court runs westerly from Washington Street about eighty feet, between the hotel buildings on the south and the Park Theatre on the north. It is about ten feet wide at its easterly end next Washington Street, and about fourteen feet wide at its westerly end. At the entrance from Washington Street the sidewalk is discontinued upon both sides, to permit the unobstructed passage of teams in and out. On March 16, 1899, it was paved with stone flagging, and was arched and built over by the hotel buildings at about the height of adjacent stores. It is bounded on the south by the hotel buildings, on the west and north by Park Theatre, and on the east by Washington Street.

At this date the rooms over Gibbons Court and rooms over the lobby of the theatre, and those in the Park Theatre building had long been used as a part of the hotel. Those in the theatre building were expressly excepted from the premises leased for a theatre. They included, from the first story to the roof, some four or five stories. At a considerable distance from Washington Street there was a small doorway from the hotel into Gibbons Court, and near the extreme southwest corner of the

court there was another small doorway leading into the basement of the hotel and of the theatre.

The principal entrance to the theatre is from Washington Street through the lobby.   At the westerly end of Gibbons Court there is a large exit from the auditorium of the theatre, nearly equal in width to the width of the court at that end. This is opened only at the close of a performance, or for ventilation.   This exit from the theatre through Gibbons Court has been used about twenty years.   At some distance from Washington Street there is a large doorway opening from the lobby of the theatre into Gibbons Court.   There is no way for an audience to enter or leave the theatre other than by the lobby or Gibbons Court.   In view of the building laws of the city of Boston (Sts. 1892, c. 419, § 90; 1894, c. 443, § 23) the authorities of Boston would not permit the Park Theatre to be used as a place of entertainment, if Gibbons Court should be permanently obstructed, unless some other suitable exit should be provided as a substitute.   Under present conditions it is impracticable to provide such an exit.

On March 16, 1899, the plaintiff gave a lease of the hotel to Gould and Pollo for ten years from May 15, 1899, of which the defendant is the assignee and present holder.   The description of the leased property is as follows: " The following described premises, namely, buildings numbered 625 to 631 inclusive on Washington Street, Boston, Mass., together with the basement under said premises, meaning thereby the entire buildings, containing stores, and all floors over said stores meaning thereby all the real estate I now own on Washington Street excepting the building known as the Park Theatre."   The defendant now contends that Gibbons Court passed to him as a part of the leased premises, and he threatens to close it and use it for mercantile purposes.

The question thus presented calls for a consideration of this language in its application to the property.   If we look at the entire description of the property antecedent to the explanatory part, we have only the " buildings numbered 625 to 631 inclusive."   Then follows this explanation, which does not enlarge the demise, " meaning thereby the entire buildings, containing stores, and all floors over said stores."   In the substantive part

of the description, including the first explanatory clause, the lessee is given nothing but buildings. The description, of course, includes everything that is appurtenant to the buildings and necessary to their use. It includes the land underneath, so far as it is needed for their support. If there is adjacent land belonging to the lessor which is used with the buildings, the use of which is necessary to the proper occupation of them for the purposes for which they were intended, the use of such land is included as an appurtenance. *Allen* v. *Scott*, 21 Pick. 25. *Salisbury* v. *Andrews*, 19 Pick. 250. *Forbush* v. *Lombard*, 13 Met. 109. *Brown* v. *Thissell*, 6 Cush. 254. *Oliver* v. *Dickinson*, 100 Mass. 114. *Hooper* v. *Farnsworth*, 128 Mass. 487. In the present case the right to use Gibbons Court as it had been used, in connection with the doorways opening into the hotel, passed to the lessee. Nothing more can reasonably be claimed under the particular description in the lease.

The defendant relies upon the final explanatory clause, " meaning thereby all the real estate I now own on Washington Street excepting the building known as the Park Theatre." The general rule is that where real property is described by a particular and definite description, the addition of an inconsistent general description does not enlarge the grant. *Whiting* v. *Dewey*, 15 Pick. 428. *Melvin* v. *Proprietors of Locks & Canals*, 5 Met. 15. *Dana* v. *Middlesex Bank*, 10 Met. 250, 255. *Sawyer* v. *Kendall*, 10 Cush. 241. *Presbrey* v. *Presbrey*, 13 Allen, 281.

Moreover, in the present case the lessor described her real estate on Washington Street as if it consisted of buildings only. She included in the lease only certain buildings, and she described them as being all her real estate on Washington Street except a certain other building. Gibbons Court is not a building. In a strict sense it does not fall within the description of that which she leased at that time, or of that which she excepted from the lease. If, in reference to such a description as this, it is to be treated as belonging to a building and passing as a part of a building, it certainly belongs to the building known as Park Theatre rather than to the buildings used as a hotel. It was included in the part excepted. *Allen* v. *Scott*, 21 Pick. 25. For many years it has been an important and necessary appurtenance of the theatre, while its use with the hotel was of

comparatively slight importance. We have no doubt that the continued use of this court as an appurtenance of the theatre was intended by the parties when the lease was made, and was included in the exception of the building known as the Park Theatre.

The defendant has no rights in Gibbons Court other than to use it as an appurtenance of the hotel, substantially as it was used when the lease was made, with such modifications of the use as have been authorized by the lessor in writing since the lease was executed.

*Decree for the plaintiff.*