## HARRY RAYNES *vs.* CHARLES E. STEVENS & others.

Suffolk. December 8, 9, 1914. — December 30, 1914.

Present: RUGG, C. J., LORING, BRALEY, SHELDON, & DE COURCY, JJ.

*Landlord and Tenant. Easement,* Of light and air.

A lease to a jeweler of a store in a business building facing on a city street and consisting of a room on the first floor and a cellar under it, both the store and the cellar having windows at the rear upon an open court or area about twenty-three feet long and sixteen or seventeen feet wide, the light and air from the area being convenient and advantageous for the lessee but not absolutely necessary for the enjoyment of the leased premises and the area being not a mere well or shaft but connecting through another open space with a passageway leading to a public street and apparently designed to furnish access to the rear of the stores in the building, gives the lessee no implied easement of light and air at the rear of his store; and he cannot maintain a suit in equity to restrain the lessor, or a subsequent lessee of the whole building, from extending the second floor of the building over the open space or area.

BILL IN EQUITY, filed in the Supreme Judicial Court on May 8, 1914, by a jeweler occupying a store numbered 69 on Central Street in Lowell, consisting of a room on the first floor and the cellar beneath it, under a lease from the defendants Stevens and Jolliffe, the owners of the building, dated August 30, 1912, alleging that those defendants on June 1, 1913, executed a lease of the whole building to the defendant Wit for the term of twenty years, that the rear of the plaintiff's room and cellar had windows upon an open court or area about twenty-three feet long and sixteen or seventeen feet wide, and that the defendant Wit had begun to make certain alterations in the second floor of the building extending that floor completely over the open area and thereby depriving the plaintiff of light and air through his rear windows; praying for an injunction and the assessment of damages.

The case was referred to Charles H. McIntire, Esquire, as master. He made a report containing the findings that are stated in the opinion. There were no exceptions to the master's report. Later the case was heard by *De Courcy,* J., who on the facts found by the master made a decision that there was no express or implied grant of an easement to the plaintiff entitling him to have

the area at the rear of his store kept open to the sky for the purposes of light and air, and ordered that the bill be dismissed. By order of the justice a final decree was entered dismissing the bill; and the plaintiff appealed.

E. J. Tierney, (J. P. Farley with him,) for the plaintiff.

A. K. Cohen, for the defendant Wit.

A. S. Howard, for the defendant Kittredge.

J. G. Hill, for the defendants Stevens and Jolliffe, submitted a brief.

SHELDON, J. The plaintiff's claim is that by the lease to him of "the store and cellar under the same" he acquired a right to the free and uninterrupted entrance of light and air into the store over and across the area in the rear of the store, under the rules laid down in Dexter v. Manley, 4 Cush. 14; Oliver v. Dickinson, 100 Mass. 114; Brande v. Grace, 154 Mass. 210; Case v. Minot, 158 Mass. 577; Whitehouse v. Aiken, 190 Mass. 468; and Doyle v. Lord, 64 N. Y. 432. But upon the facts which have been found by the master and upon which the case must be decided, the plaintiff has failed to establish his right.

The lease was merely of the store and the cellar under it. The store was one of several rooms or stores upon the ground floor of a building called the Tyler Block, which was at least three stories in height, and which contained other rooms upon the upper floors. The lease was not of a whole building or a whole floor, but of one room and the cellar underneath it. This gave to the plaintiff no rights outside of the one room and the cellar, except such as plainly were intended by the parties to be included in the leased premises as appurtenant thereto or parcel thereof, either because they were really necessary to the beneficial enjoyment of the demised property for the purpose for which it was leased, or because it was manifest from the condition and situation of the property and the attendant circumstances that they had been designed and appropriated for the benefit of that property. This is the doctrine of the cases relied on by the plaintiffs. It accords with the reasoning of the court in Pevey v. Skinner, 116 Mass. 129, and Lowell v. Strahan, 145 Mass. 1, 8.

The master has not found, nor has he made any finding from which we can infer, that the lessors and the plaintiff intended that he should acquire any right under his lease to have this area

kept open for the free passage of light and air into his store. He has not found that the plaintiff was led to expect, or actually expected, to enjoy such a right; and such an expectation, not induced by the lessors or even known to them, would have been utterly insufficient to give to the plaintiff any right which he could enforce against the lessors. *Brighton Packing Co.* v. *Butchers' Slaughtering & Melting Association,* 211 Mass. 398, 405, and cases there cited.

Nor has the master found that this right is necessary to the beneficial enjoyment of the leased premises. The findings go no further than to show that the possession of such a right would be convenient and advantageous to the plaintiff, and that its absence detracts from their rental value to the extent of one tenth part thereof. But there is no finding and no ground for inference that the rent reserved in the lease was based at all upon the existence of this right, or that the stipulated rent exceeded the fair rental value of the leased premises without such a right. The findings as to the use made by the plaintiff of the windows opening upon this area and as to the arrangements which the plaintiff made in the store tend to show that there was no real necessity such as now is claimed. Finally the master has found that this right is not "absolutely necessary" for the enjoyment of the leased premises for the purpose for which they were leased. It may be that the necessity which would warrant a finding that this right passed to the plaintiff need not be absolute in the sense that it must be completely indispensable. It must, however, be a real necessity, though perhaps only a reasonable one. A mere balance of convenience, a mere advantage which otherwise would be lost, is not enough. *Leonard* v. *Leonard,* 7 Allen, 277, 283. *Randall* v. *McLaughlin,* 10 Allen, 366. *Oliver* v. *Pitman,* 98 Mass. 46, 50. *Buss* v. *Dyer,* 125 Mass. 287. *Lipsky* v. *Heller,* 199 Mass. 310, 317. *Gorton-Pew Fisheries Co.* v. *Tolman,* 210 Mass. 402, 410, and cases there cited. But however that may be, the language of this finding cannot help the plaintiff, for the burden of proof was not upon the defendants, but upon him, to establish the right for which he contends. *Beals* v. *Case,* 138 Mass. 138, 140. *Clapp* v. *Wilder,* 176 Mass. 332, 337, 338. *Lipsky* v. *Heller, ubi supra.*

Nor does it appear that the open space was intended to benefit the leased premises by giving to them a free access of light and air.

It was not accessible merely from this store, or from the other stores and rooms abutting upon it. It communicated through another larger open space with a passageway which led to Market Street. It was designed apparently to furnish a means of access to the back of the stores in the block, and its principal use seems to have been for that purpose and as a place for the deposit of rubbish. It was not a mere well or shaft, inaccessible from the street, and plainly adapted only to furnish light and air to the adjacent rooms, as in *Case* v. *Minot,* 158 Mass. 577. On the contrary, as the master has found, it was, at the time the plaintiff took his lease, adapted to have such a structure as the one now complained of erected upon it. As was said by Braley, J., in *Lipsky* v. *Heller,* 199 Mass. 310, 317, if the lessors had stipulated that this place "was not to be built over, or was to be kept open and maintained by the abutters, as in *Schwoerer* v. *Boylston Market Association,* 99 Mass. 285, *Attorney General* v. *Williams,* 140 Mass. 329, or should always lie open as a way, as in *Salisbury* v. *Andrews,* 128 Mass. 336, 343, or its existence was shown to have been absolutely necessary to afford light and air required for the enjoyment of the surrounding premises, as in *Case* v. *Minot,* 158 Mass. 577, there would have been by implication a covenant that the entire space should remain unoccupied by buildings." But no such facts have been found. The structure in question has been erected over adjoining land of the lessors, not included in the plaintiff's lease. The case comes under the rule of *Fifty Associates* v. *Tudor,* 6 Gray, 255; *Royce* v. *Guggenheim,* 106 Mass. 201, 202, 205; *Keats* v. *Hugo,* 115 Mass. 204; *Jenks* v. *Williams,* 115 Mass. 217; *Cummings* v. *Perry,* 169 Mass. 150, 155.

There has been no wrongful act done on the leased premises, and the language used in *Skally* v. *Shute,* 132 Mass. 367, is not applicable.

In *Brown* v. *Holyoke Water Power Co.* 152 Mass. 463, the lease to the plaintiff included both a room and power to be used therein; and the defendant by removing the connecting belt took away the power. In *McCall* v. *New York Life Ins. Co.* 201 Mass. 223, there was the continued and persistent breach of an express covenant by the lessor, which made the leased premises entirely unsuitable for the purposes for which they had been leased. The same was true in *Nesson* v. *Adams,* 212 Mass. 429, though the court called

that an extreme case. In *Brande* v. *Grace*, 154 Mass. 210, the acts complained of altered essentially the situation and character of the leased rooms, and really destroyed the identity of the property demised.

The question whether the plaintiff has a right to use this area and its connection as a back entrance to his store has not been presented and of course is not passed upon. There has been no wrongful interference with such a right. Under the circumstances shown, if he has such a right (*Lipsky* v. *Heller, ubi supra; Crabtree* v. *Miller*, 194 Mass. 123), there is yet a right to build over the way, as was done in *Crabtree* v. *Miller, ubi supra, Crocker* v. *Cotting*, 181 Mass. 146, 151, and cases there cited.

The decree dismissing the bill was correct and must be affirmed.

*So ordered.*