### HENRY HAMPE *vs.* SATIR ELIA & another.

Suffolk.   December 8, 1924. — February 27, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Landlord and Tenant,* Light and air.   *Easement.*

The lessee of a room in a building which he uses as a tailor shop and which is lighted and ventilated only by a side window opening upon an area owned by the lessor and by windows on each side of and in panels of a front door, cannot maintain a suit in equity to enjoin the lessor from erecting and maintaining a structure upon the area which might obstruct light and air from the window, if it appears that the grant of the leased premises was not with the appurtenances or with all rights and privileges thereto belonging which were convenient or essential to the beneficial use and enjoyment thereof, or any words equivalent or similar thereto, and a master finds that, while the window was "necessary to a substantial extent to the beneficial enjoyment of the tailor shop as conducted by the plaintiff for both light and air and also for ventilating purposes," its blocking "may not make the premises wholly unsuitable for the purposes of the plaintiff," although "said premises will be appreciably of less value as and for a tailor shop as the same is used and operated by the plaintiff than if allowed to be and remain as they now are."

BILL IN EQUITY, filed in the Superior Court on January 23, 1924, seeking to enjoin the defendant, lessor of a room in a building of which the plaintiff was lessee, from erecting and maintaining a structure on the land adjoining which might obstruct light and air from a window in the premises described in the lease.

In the Superior Court, the suit was referred to a master. Material findings by the master are described in the opinion. The suit was heard on the master's report by *Morton, J.,* by whose order there was entered a final decree dismissing the bill.   The plaintiff appealed.

*G. J. Ganer,* for the plaintiff.

*G. R. Farnum,* for the defendants.

PIERCE, J.   Without any restriction as to use, the defendants' grantor leased the premises numbered 791 Harrison Avenue to the plaintiff for a period of five years from February 1, 1921, with an option of renewal.   The grant of the described premises is not with the appurtenances or with all

rights and privileges thereto belonging which are convenient or essential to the beneficial use and enjoyment thereof, or any words equivalent or similar thereto.

The premises consist of a room on the street floor, on the northwesterly side of Harrison Avenue, which is twenty feet square and about eight feet in height. The entrance is in front and there is no other means of entrance or exit. The room has plate glass, stationary windows on each side of the entrance, which face Harrison Avenue; there are on the sides of the entrance to the door stationary windows of plate glass. Over the door there is a movable transom four feet by ten and one-half inches. The door is set back from the street line about two feet and has two glass, stationary panels forty-six inches high by thirteen inches wide. Overlooking the adjacent premises of the defendant there is now, and was when the lease was executed, a window four feet nine inches high by thirty-six inches wide with two movable sashes of equal size. This window is located in the northeasterly wall three feet back of the street line. Over this window is a sign affixed to the outside wall of the building with the plaintiff's name printed thereon and the word "Tailor" below, which sign has been so located for about fifteen years. There is no window or door in the rear brick wall or in the southwesterly wall of the room. Whatever light and air flow into the store comes from the front of the store and from the movable window.

There is an open areaway between the northeasterly wall of the leased premises and a public alley or passageway. The defendants propose to build and now have in process of erection on this areaway a one-story brick building, the roof of which, when constructed, will be above the top of the side of the movable window. The face of the front wall of the proposed building will come flush with the inside line of the sidewalk and the rear wall will be parallel to and an extension of the rear wall of the building in which the plaintiff's shop is located. The face of the southeasterly side wall of the proposed building will be on the line of the lot and entirely block up said movable window of the plaintiff's shop, so that it will fully obstruct the admission of both light and air into

the room used by the plaintiff as a tailor shop. The master to whom the case was referred found that over this areaway light and air flow into the movable window, and that "this window is necessary to a substantial extent to the beneficial enjoyment of the tailor shop as conducted by the plaintiff for both light and air and also for ventilating purposes"; he also found that "While the blocking up of said side window may not make the premises wholly unsuitable for the purposes of the plaintiff, nevertheless, said premises will be appreciably of less value as and for a tailor shop as the same is used and operated by the plaintiff than if allowed to be and remain as they now are."

It is settled in this Commonwealth that an easement of light and air can be acquired only by express grant, by covenant, or by implication where the light or air is actually and absolutely necessary. *Royce* v. *Guggenheim,* 106 Mass. 201, 205. *Keats* v. *Hugo,* 115 Mass. 204. *Case* v. *Minot,* 158 Mass. 577. *Lipsky* v. *Heller,* 199 Mass. 310. *Tidd* v. *Fifty Associates,* 238 Mass. 421, 431. The grant of these premises, without a grant of the appurtenances or of the privileges and conveniences, did not carry the right to enjoy conveniences in the land of the lessor which were apparent but were not of "strict necessity." *Buss* v. *Dyer,* 125 Mass. 287, 291. The case of *Raynes* v. *Stevens,* 219 Mass. 556, and the case of *Doyle* v. *Lord,* 64 N. Y. 432, rest largely upon terms in the grant which are not present in the lease now under consideration. The findings of the master above quoted go no further than to show that the room would be more suitable as a place of doing tailoring work, and financially more valuable as leasehold property, should the conditions of light and air continue than would be the situation if the window were closed. The master does not find, and could not find properly on the evidence, that when the lease was executed without restriction as to the use of the premises there was an absolute or reasonable necessity that light and air should continue to pass unobstructed by any act of the lessor or of his grantee through the movable window to the leased premises. *Raynes* v. *Stevens, supra.*

*Decree affirmed.*