GAETANO NOVELLO & another *vs.* ANTONIO CAPRIGNO &
others.

Suffolk.     May 21, 1931. — June 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Easement. Deed,* Construction. *Way,* Private.

An easement of light and air can be acquired only by express grant, by
covenant, or by implication where the light or air is required by
strict necessity.

A deed of land contained a reservation of a right to pass and repass
through an arched passageway on the granted premises as an appur-
tenance to the grantor's remaining land. In a suit in equity by a
successor in title to the remaining land against a successor in title to
the granted premises, it appeared that the passageway was entirely
covered by a building on the defendant's land; that it was two feet,
nine inches wide and seven feet, seven inches high; that its rear
opening was about three feet from a gate on the plaintiff's premises;
that the only light to it came from the front and rear entrances; and

that at times the plaintiff carried lumber and materials through the passageway. The plaintiff sought to enjoin the defendant from extending the building over the open space at the rear of his premises and adjoining the plaintiff's premises. A final decree merely directed the defendant to keep open for the free use of the plaintiff the approach to the rear opening of the passageway for a distance of three feet, and to a height and a width not less than those of the passageway. Upon appeal by the plaintiff, it was *held*, that

(1) No strict necessity appeared to warrant the implication of an easement of light and air; and there was no merit in a contention by the plaintiff that the decree was wrong because it permitted interference with the light and air of the passageway by the construction of the extension;

(2) The defendant was entitled to build over the open area on his premises so long as he did not interfere with the right to pass and repass through the passageway, which was the only easement reserved by the deed;

(3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on June 27, 1930, and afterwards amended, and supplemental bill filed August 4, 1930, seeking to enjoin the defendants, until further order of court, from obstructing the free and unencumbered use by the plaintiffs of a passageway described in the opinion, from erecting an annex to a building on the defendants' premises and from encroaching on land of the plaintiffs in the digging of trenches; and to establish the plaintiffs' rights in the defendants' premises to the rear of the passageway.

The suit was referred to a master. Material facts are stated in the opinion. By order of *Gray*, J., there were entered an interlocutory decree confirming the master's report, and the final decree described in the opinion. The plaintiffs appealed.

*W. A. Fotch*, for the plaintiffs.

*J. W. Connelly*, for the defendants.

CARROLL, J. The plaintiffs and the defendants Caprigno (who will herein be called the defendants) are owners of adjoining parcels of land on Snowhill Street, Boston. In 1856 Jonathan Buffinton conveyed land on Snowhill Street to Henry Dawes, the deed containing this clause: "Reserving however to myself, my heirs and assigns, as appurtenant

to my adjoining estate, a right of passing and repassing in and through the arched passageway as now constructed on the North side of the granted premises." By mesne conveyances containing references to the reservation, the defendants became owners of the land formerly owned by Dawes and the plaintiffs became owners of the property retained by Buffinton. The passageway is covered and "lies entirely under the defendant's building . . . and runs to the open areas of both the defendants' and plaintiffs' premises." As we understand, from the rear of the covered passageway it is about three feet to a gate on the plaintiffs' premises. The passageway is thirty-three inches wide, seven feet seven inches high. The only light to it comes from the front and rear entrances. The defendants propose to extend their building over the open rear yard adjoining the plaintiffs' premises.

The case was heard by a master. A final decree was entered for the plaintiffs, so far as material, directing in paragraph 2 that the approach in and to the rear of the arched passageway from the defendants' premises "along the plaintiffs' premises, as heretofore used, to wit — for a distance in length of three feet from the rear end of the passageway and thirty-three inches in width and of a height not less than the height of the passageway shall be kept free, open and unencumbered, for the use of the plaintiffs." In paragraph 3 (a) all the defendants were enjoined from in any way impairing, limiting, obstructing or altering the free use of the arched passageway in its present location, "to the plaintiffs . . . and of the approaches thereto, both on the premises of the plaintiffs and of the Capringo defendants as defined in paragraph 2 of this decree." In paragraph 4 (c) the defendants were ordered to fill in the trenches dug by them "in the area in and near the rear approach" of the passageway on the defendants' premises, as defined in paragraph 2. The plaintiffs appealed. The specific parts of the final decree on which they now rely are in respect to the words "for a distance in length of three feet from the rear end of the passageway and thirty-three inches in width and of a height not less than the height of the passageway," and

the words "as defined in paragraph 2 of this decree" and found in paragraph 3 (a) and 4 (c).

The only right reserved in the deed of Buffinton was a right as appurtenant to Buffinton's adjoining estate "of passing and repassing in and through the arched passageway as now constructed." Under the decree the approach to the rear of the passageway was to be kept free, open and unencumbered for a distance of three feet from the rear of the passageway, thirty-three inches in width and as high as the passageway. This did not prevent the defendants from extending their building over this approach, provided they did not attempt to interfere with the height and width of the approach as set out in the decree.

The master has found that at times the plaintiffs carried lumber and materials through the passageway, but it does not appear there was such a continuous, open and adverse use of the approach as to give the plaintiffs the right to insist that the area in the rear should be entirely unobstructed by buildings.

The plaintiffs contend that, if the proposed addition to the defendants' buildings is made, the light and air of the passageway will be interfered with; that the portion of the decree appealed from is wrong for this reason. It is well settled in this Commonwealth that an easement of light and air can be acquired only by express grant, "by covenant, or by implication where the light or air is actually and absolutely necessary." *Hampe* v. *Elia*, 251 Mass. 465, 467. *Royce* v. *Guggenheim*, 106 Mass. 201, 205. *Lipsky* v. *Heller*, 199 Mass. 310. *Tidd* v. *Fifty Associates*, 238 Mass. 421, 431. There was no grant of light and air, nor any covenant for the same. The plaintiffs had no such rights. Grants by implication are limited to strict necessity, which is not shown to exist here. *Buss* v. *Dyer*, 125 Mass. 287. There was no stipulation that the area in the rear was not to be built over. The right was to pass through an arched passageway or one already covered. There was no such necessity for light and air as appeared in *Case* v. *Minot*, 158 Mass. 577. The terms of the reservation were confined to the right of passing and repassing, and as long as that right was not

encroached upon the defendants could build over the area. *Attorney General* v. *Williams*, 140 Mass. 329, and the cases cited by the plaintiffs are to be distinguished on the facts.

> *Decree affirmed with costs for*
> *the defendants.*