MT. HOLYOKE REALTY CORPORATION *vs.* HOLYOKE
REALTY CORPORATION.

Hampden.   September 18, 1935. — October 31, 1935.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Way,* Private.   *Easement.*

The owner of an easement of passage over a stairway in a building was entitled to have the owner of the building enjoined from interfering with the easement by shutting off the natural light which came to the stairway from a skylight and windows at the time the easement was created; such an injunction would not give the owner of the easement an additional easement of light.

The owner of the easement of passage above described was also entitled, as a necessary incident to his proper enjoyment thereof, to maintain electric light fixtures on the stairway and to supply current thereto, though the owner of the building was under no obligation to do so.

BILL IN EQUITY, filed in the Superior Court on April 9, 1934.

The suit was heard by *Williams,* J.

The case was submitted on briefs.

*B. F. Evarts,* for the plaintiff.

*R. L. Davenport & W. J. Millane,* for the defendant.

PIERCE, J.   This is a bill in equity brought by the Mt. Holyoke Realty Corporation against the Holyoke Realty

Corporation, praying that the defendant be restrained from trespassing upon the property of the plaintiff by stringing electric wires and lights on the plaintiff's property.

The plaintiff and the defendant own adjacent buildings on High Street in Holyoke. The defendant in its answer set up the fact that it was the owner of an easement over a stairway in the southerly side of the plaintiff's building to the third floor of the defendant's building. By way of counterclaim the defendant prayed that the plaintiff be ordered to restore electric lights on said premises of the plaintiff, and if the lights are not restored that the defendant be allowed to replace them itself. The defendant further prayed that the plaintiff be ordered to remove a certain substance from the skylight which obscures the light that normally in the daytime lighted the passageway.

The case was submitted to a judge of the Superior Court upon a statement of agreed facts. In substance those facts are as follows: By a decision of the Supreme Judicial Court, reported in 284 Mass. 100, it was decided that the present defendant had a right of way over a stairway leading from the street through the southerly portion of the present plaintiff's premises to the third floor and thence into the defendant's building. This easement arose by implication from a certain mortgage deed given on April 27, 1922. From the time that the easement first arose the stairway has been lighted by a skylight providing natural light, and by electric fixtures which provided artificial light. Up to June, 1931, the plaintiff furnished the current for the electric light fixture on the third floor from its property. After this time current for this fixture was furnished from the third floor of the defendant's property by the defendant. Subsequently the plaintiff removed electric light fixtures, painted over the skylight, and boarded up certain windows which afforded some light to the halls and stairway. As a result the stairway is darker during the day so that the reasonable use thereof is interfered with, and at night there is no light whatsoever. The issue presented is whether the plaintiff can rightfully refuse to light the stairway and

halls in the manner used at the time said easement was acquired, and whether the defendant may provide its own fixtures and means of lighting if the plaintiff refuses to do so. By a final decree the plaintiff's bill was dismissed, the plaintiff was ordered to remove the paint, boards and other material covering in whole or in part the skylight and windows described in the statement of agreed facts, and it was enjoined from further interfering with them. The decree further provides that if the plaintiff fails to restore the removed electric light fixtures described in the statement of agreed facts within seven days after the entry of the final decree, the defendant is permitted to restore them and also to provide electric current. From this decree the plaintiff appealed.

It is agreed that the defendant has an easement of passage over that part of the plaintiff's premises from which the light has been cut off. It is contended by the plaintiff that the easement as created gives the defendant the right to use the stairway for passage and nothing more. It bases this contention on the accepted principle that an easement of light and air can be created only by express grant, *Atkins* v. *Bordman*, 2 Met. 457, and that to give the defendant a right to light and air would be to extend the easement created by implication and established in *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100. In a word its contention is that in the circumstances an easement of light or air by implication would be in addition to the existing implied easement of passage.

The proposition that an easement of light or air can be created only by grant or by implication where the light or air is actually and absolutely necessary is supported by *Randall* v. *Sanderson*, 111 Mass. 114, *Keats* v. *Hugo*, 115 Mass. 204, 216, *Hampe* v. *Elia*, 251 Mass. 465, 467, and *Novello* v. *Caprigno*, 276 Mass. 193, 196. This argument is not applicable to the facts of this case. The gravamen of the defendant's complaint is that its easement of passage is interrupted by the plaintiff's action in shutting off the natural light which came from the existing skylight. This fact is admitted by the plaintiff in the statement of agreed

facts. In such circumstances as are shown in the statement of agreed facts the defendant states a case for equitable relief, not because it claims an easement of light or air but because the plaintiff has not the right to interfere in the way it did with the defendant's legally acquired easement. *Atkins* v. *Bordman,* 2 Met. 457, 475. *Richardson* v. *Pond,* 15 Gray, 387, 390. *Lipsky* v. *Heller,* 199 Mass. 310, 319. Compare *Duncan* v. *Goldthwait,* 216 Mass. 402, 404. This principle is a branch of the general rule that owners of servient lands are so limited in the use of their lands as not to interfere with easements to which the lands are subject. *Frost* v. *Jacobs,* 204 Mass. 1, 7. *Ball* v. *Allen,* 216 Mass. 469, 472, 473. *J. S. Lang Engineering Co.* v. *Wilkins Potter Press,* 246 Mass. 529, 531. It follows, as the final decree states, in substance, that the plaintiff had no legal right to paint over the skylight or otherwise to obstruct the entry of natural light into the portion of its building over which the defendant had acquired an easement.

By the statement of agreed facts it appears that the stairway at night was lighted by electric lights when both parcels of land were owned by the same individual, and that it was lighted in the same manner at the time the easement arose. The plaintiff contends that the easement of passage created by implication gives the right to use the stairway but nothing more and that such right does not carry with it by further implication the right to force the plaintiff to supply artificial lighting or fixtures. This position is sound, it being settled as a well established legal principle that "as a general rule, easements impose no obligation upon those, whose lands are thus placed in servitude, to do any thing." *Prescott* v. *Williams,* 5 Met. 429, 435. *Cobb* v. *Massachusetts Chemical Co.* 179 Mass. 423, 425. We are, however, of opinion that the right of passage carried with it rights incidental to a reasonable enjoyment of the passageway as it existed when the easement was acquired and as it was later used. It is to be noted that the defendant does not seek, and the final decree does not command, that the plaintiff either maintain electric light fixtures or supply electric current. The defendant's right is

supported by the general rule that an owner of an easement has a right to go upon the servient land to do acts reasonably necessary for a proper use and enjoyment of the easement. *Prescott* v. *White*, 21 Pick. 341, 343. *Brown* v. *Stone*, 10 Gray, 61, 65. *Codman* v. *Evans*, 5 Allen, 308, 310. *Churchill* v. *Harris*, 257 Mass. 499, 502. In the case at bar it seems that the right to go on the plaintiff's premises, restore the electric fixtures and cause a current of electricity to pass to the bulbs is reasonably necessary to the proper enjoyment of the easement.

*Decree affirmed with costs.*