MT. HOLYOKE REALTY CORPORATION *vs.* HOLYOKE REALTY CORPORATION & another.

Hampden. September 23, 1937. — November 30, 1937.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Way,* Private: extent of easement, repair.

The owner of an easement of passage over a stairway in a building also had the incidental right to make repairs reasonably necessary to the enjoyment of the easement.

BILL IN EQUITY, filed in the Superior Court on September 14, 1936.

A final decree was entered by order of *Burns,* J. The plaintiff appealed.

The case was submitted on briefs.

*B. F. Evarts & S. W. Ripa,* for the plaintiff.

*R. L. Davenport & W. J. Millane,* for the defendants.

LUMMUS, J. The plaintiff has persisted in attempts to make valueless the easement of way over a stairway in the plaintiff's building which, when the controversy was first here, we held to be appurtenant to the corporate defendant's adjoining building. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 284 Mass. 100. First, the plaintiff sought to destroy the stairway without destroying its building. *Holyoke Realty Corp.* v. *Mt. Holyoke Realty Corp.* 286 Mass. 522. Next, the plaintiff sought to deprive the stairway of light. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 292 Mass. 332. The third floor of the corporate defendant's building, to which the stairway gives access, has now been rented as a dancing hall and school. The plaintiff has per-

mitted the stairs, the stairway, and the halls into which the stairway opens, to fall into a condition in some respects unsafe and in others unsightly. The details need not be stated.

The plaintiff brings this bill to restrain the corporate defendant and its tenant from repairing and improving the plaintiff's property so as to remedy that condition. The master, whose report was confirmed, finds that "the repairs intended to be made by the defendants are desirable and are reasonably necessary to the proper use and enjoyment of the easement by the defendants." The judge entered a final decree, declaring that the corporate defendant "has the right to make those repairs to the property of the plaintiff . . . that are reasonably necessary for a proper use and enjoyment of its easement," and declaring that certain specified repairs are reasonably necessary. See *Olsen* v. *Olsen,* 294 Mass. 507, 508. The plaintiff appealed from the final decree and from certain interlocutory decrees. The record does not contain enough to enable us to review the interlocutory decrees.

Although the area of the proposed repairs extends beyond the stairway, we cannot say that the detailed facts found by the master do not support and justify his conclusion that the repairs are reasonably necessary to the proper use and enjoyment of the easement. *MacLeod* v. *Davis,* 290 Mass. 335. Every right necessary for the enjoyment of an easement is included in it by implication. *Sullivan* v. *Donohoe,* 287 Mass. 265, 267. The right to make necessary repairs is an incident to the easement. *Prescott* v. *White,* 21 Pick. 341, 343. *Mt. Holyoke Realty Corp.* v. *Holyoke Realty Corp.* 292 Mass. 332, 335–336. *Guillet* v. *Livernois,* 297 Mass. 337, 340.

The interlocutory decrees are affirmed. The final decree is modified by the addition of a paragraph dismissing the bill, and as modified is

*Affirmed with costs.*