## PIERRE G. BLAIS *vs.* GERTRUDE CLARE.

Bristol.　　October 24, 1910. — November 22, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Way*, Private, extent of easement.　　*Evidence*, Extrinsic affecting writings, Materiality. *Deed*, Construction.

Whether the reasonable use of a right of way over a strip of land ten feet wide belonging to the owner of the adjoining lot on a city street, which leads along a division fence to the street, is inconsistent with the maintenance by the owner of such adjoining land of suitable gates at the ends of the way in the division fence and upon the street, where the manner of use is wholly undefined by the deed granting the right of way, besides a question of law involves the question of fact, what is a reasonable use of the property of the respective parties.

Upon the question, whether the reasonable use of a right of way over a strip of land ten feet wide belonging to the owner of the adjoining lot on a city street, which leads along a division fence to the street, is inconsistent with the maintenance by the owner of such adjoining land of suitable gates at the end of the way in the division fence and upon the street, where the deed granting the right of way merely used the words " Together with a right of way over a strip of my land next adjoining the above lot, ten feet wide, and extending back from the street seventy-five feet," it is competent for the owner of the servient land, claiming the right to maintain the gates, to show that for at least twenty-five years before the owner of the right of way purchased his lot, including a period when the two lots were owned by the same person but were occupied by different persons, a driveway for carriages was used very nearly in the place where the way ten feet wide was established by the deed and that gates were maintained in the fence near the boundary line afterwards established by the deed and also at the entrance to the way from the street, the method of using the driveway by former owners and occupants under substantially the same conditions being some evidence of what was reasonable and convenient in the occupation and enjoyment of the property.

Where the meaning of the parties to a deed as to the nature or extent of an easement granted by it is left doubtful by the language of the instrument, evidence of the subsequent use of the premises by the parties is competent as showing their construction of the deed.

In a suit in equity by the owner of a lot on a street of a city, to restrain the defendant, who was the owner of the adjoining lot over which the plaintiff had a right of way, from obstructing such way by maintaining gates at each end of it, it appeared, by a master's report, that on each of the lots there was a cottage house, the plaintiff's house being about eighteen and a half feet and the defendant's house about sixteen and a half feet from the boundary line, on which there was a fence, that the plaintiff's right of way was created by a grant in these words, " Together with a right of way over a strip of my land next adjoining the above [the plaintiff's] lot, ten feet wide, and extending back from the street seventy-five feet," that the defendant placed and maintained a gate thirteen feet wide in the division fence and also a gate ten feet wide across the entrance to the

way from the street on which both lots faced, that the houses on the lots were occupied as the homes of the plaintiff and of the defendant respectively and had yards of considerable size about them, that the street was a much travelled way with an electric car line upon it, that the family of the defendant at times had been annoyed by animals straying from the street upon the defendant's land when the gates were left open and that one member of the defendant's family was a child three years of age, that for at least twenty-five years before the plaintiff purchased his lot a driveway for carriages was used very nearly in the place where the plaintiff's right of way was established by the deed, that during that time gates had been maintained in the fence near the present boundary line and at the entrance to the defendant's lot from the street, and that both of these gates had been kept closed except when the driveway was in use for carriages or teams, that the former occupants of both houses used the driveway for teams but that it was not used generally by persons on foot. The master found upon evidence introduced by the plaintiff, that gates to driveways on premises in the neighborhood usually were kept open by the owners and occupants for their own convenience. The master found that, if the defendant had the right to maintain gates, the gates maintained by him were suitable ones. *Held*, that, on the facts found by the master, a reasonable and proper use of the houses and lands of the parties and of the plaintiff's right of way over the defendant's land permitted the maintenance by the defendant, against the plaintiff's objection, of convenient and suitable gates such as these were found to have been.

BILL IN EQUITY, filed in the Superior Court on June 26, 1909, to restrain the defendant from obstructing by gates a right of way owned by the plaintiff over the land of the defendant on the easterly side of Bay Street in Taunton.

The case was referred to L. Elmer Wood, Esquire, as master. The master filed a report in which he made the findings which are stated in the opinion. The plaintiff filed a single exception to the master's report on the ground "that the defendant was allowed to introduce evidence relating to the maintaining and closing of the said gates by former owners of the dominant and servient estate prior to June 3, 1909, to vary and limit the terms of the grant by parol evidence." June 3, 1909, was the date on which the master found that the plaintiff took down a part of the fence, which at that time divided the land of the plaintiff from that of the defendant, and the defendant built a new fence on the street and on part of the boundary line and put in place the gates which the plaintiff sought to enjoin her from maintaining.

The case was heard by *De Courcy*, J., who overruled the plaintiff's exception to the master's report, and confirmed the report. He made a final decree that the plaintiff's bill be dismissed; and the plaintiff appealed.

Below is a reduced copy of the plan used at the hearing before the master and afterwards before this court.

The case was submitted on briefs.

*N. Lemaire, Jr.*, for the plaintiff.

*A. Fuller & W. J. Davison*, for the defendant.

KNOWLTON, C. J.   The plaintiff and the defendant are the owners of lots of land adjacent to each other on the east side of Bay Street in Taunton.   On each lot there is a cottage house occupied by its owner.   The nearest point of the plaintiff's house is about eighteen feet and a half northerly of the division line between the two lots, and the nearest point of the defendant's house is about sixteen feet and a half southerly of this line.

The plaintiff has erected a stable near the rear of his lot.   There is a fence upon the boundary line, and the plaintiff has a right of way over the defendant's land, which was created by a grant in these words: "Together with a right of way over a strip of my land next adjoining the above lot, ten feet wide, and extending back from the street seventy-five feet."   The defendant has placed a gate thirteen feet wide in a gateway in the division fence, and she also maintains a gate ten feet wide across the entrance to the way at Bay Street.   The only question in the case is whether the way should be left open as contended by the plaintiff, and at all times unobstructed by gates.

This question involves considerations of fact as well as a question of law.   The matters of fact relate to the question, What

is reasonable in the use of the property of the respective parties. The plaintiff has a right to use the way in a reasonable manner, having regard to the correlative right of the defendant to use her property in a reasonable way, in reference not only to her own benefit and convenience, but also to the benefit and convenience of the plaintiff. Both lots are occupied as the homes of the owners, who have yards of considerable size about their houses. The street is a much travelled way, with an electric car line upon it, and the defendant's family have been annoyed at times by animals straying from the highway upon her premises, when the gates were left open. One member of her family is a child three years of age.

The grant creating the right of way was made on November 30, 1908. The plaintiff purchased his property on January 27, 1909. For at least twenty-five years before that date a driveway for carriages was used very nearly in the place where the present way was established by the deed, and gates were maintained in the fence near the present boundary line, and also at the entrance to the defendant's lot from Bay Street. Before the purchase of his property by the plaintiff, and until January 3, 1909, the gates on the street and in the rear were kept closed, except when the driveway was in use for carriages or teams. Former occupants of both houses used the driveway for teams, but it was not generally used for foot passengers. It appears that gates to driveways on premises in the neighborhood were usually kept open by owners and occupants for their own convenience. The master has found that if the defendant has a right to maintain gates, all the gates maintained are suitable.

The only exception to the report was to the admission of testimony of the method of using the driveway by former owners and occupants. Where the intent and meaning of the parties in the use of language in a deed is doubtful, the construction put upon it by them in their subsequent use of the premises is always competent to aid in the construction of it. *Lovejoy* v. *Lovett*, 124 Mass. 270, 274. *Stone* v. *Clark*, 1 Met. 378. We are also of opinion that the use of the premises for many years while the way was in use by the occupants of the adjacent lots, under substantially the same conditions, even while the houses and lots were in the same ownership under the occupation of different

parties, is some evidence of what was reasonable and convenient in the occupation and enjoyment of the property. There was no error in the admission of this testimony.

In the Superior Court there was a decree for the defendant, and the plaintiff appealed. The question is whether, upon the findings of the master, a reasonable and proper use of the houses and lands of the parties and of the way connected therewith permitted the maintenance of convenient and suitable gates against the plaintiff's objection. We are of opinion that the case is governed by the decision in *Short* v. *Devine*, 146 Mass. 119, in which the facts were similar, and the principles of law were fully discussed with a review of the authorities. In the situation and extent and use of the adjacent lots, we think the facts of the present case are more favorable to the defendant than in the case just cited; and the same is true of the practice of previous occupants in the use of their premises for many years. In the case cited it did not appear what the usage was in regard to having fences in front of houses and gates at the entrance of yards. In the present case the finding, upon evidence introduced by the plaintiff, that gates to driveways in this neighborhood were usually kept open for the convenience of the owners and occupants, includes a finding that gates were maintained at such places; and they could hardly be maintained except for the purpose of being used whenever there was occasion to use them, even though they were usually left open. This finding implies that they were sometimes shut; and it is favorable to the defendant's claim of a legal right to maintain her gates.

*Decree affirmed.*