### ABERDEEN M. A. BALL *vs.* WILLIAM R. ALLEN.

Bristol.   December 10, 1913. — January 20, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Equity Pleading and Practice,* Master's report: motion to recommit, exceptions. *Way,* Private. *Adverse Use. Evidence,* Matters of common knowledge.

The denial in a suit in equity of a motion that a master's report be recommitted, with instructions to report further evidence on a subject on which he already has reported the evidence or to report that he has reported all the evidence on the subject, is within the discretionary power of the trial judge.

No exceptions to a master's report in a suit in equity can be considered without a special order of the trial judge unless such exceptions are founded on objections to the draft report presented seasonably to the master and shown by his report to have been presented to him.

If the owner of six undivided sevenths of a parcel of land, to which a right of way over an adjoining parcel of land is appurtenant, has remained for a period of time in undisturbed possession of the land, he is in possession of every part of the property, whether or not his possession has been adverse to the owner of the other undivided seventh part, and accordingly he may maintain a suit in equity to enjoin a continuous obstruction of the right of way.

The owner of a farm, through which the owner of an adjoining farm has a defined right of way, not only may fence the sides of the way but also may erect and maintain at his own expense such gates or bars across the ends of the way as

are reasonably necessary for his own protection in the pasturage of cattle or other proper use and enjoyment of his own property.

Where a farm is crossed by a defined right of way belonging to the owner of an adjoining farm, it is a matter of common knowledge that bars maintained at the ends of the way by the owner of the servient farm make the use of the way by the owner of the dominant farm more onerous than the maintenance of a gate at each end, and, if the owner of the servient farm removes a gate at one end of the way and substitutes a barway, which he has not maintained adversely for twenty years, he can be compelled by a suit in equity brought by the owner of the dominant farm to remove the bars and restore the gate.

The owner of a farm, crossed by a right of way, by maintaining bars across the end of such way for more than twenty years consecutively can acquire a prescriptive right to maintain a barway there instead of a gate.

The owner of a right of way as appurtenant to a certain parcel of land belonging to him has no right to use the right of way for the purpose of access to other land belonging to him although such other land abuts on the dominant estate.

BILL IN EQUITY, filed in the Superior Court on August 25, 1911, by the owner of certain land and the buildings thereon in Westport known as the William Allen Homestead, lying west of the Drift Road, so called, but not adjoining that road and separated from it by land of the defendant, across which there was a certain way known as "the causeway," over which the plaintiff claimed a right of way, to enjoin the defendant from maintaining bars or barways across such way, where formerly the defendant maintained gates, and from otherwise obstructing the way.

The case was referred to Benjamin Cook, junior, Esquire, as master. The material facts found by the master are stated in the opinion. At the request of the plaintiff the master reported certain evidence "bearing upon the existence of gates or bars across the causeway." The plaintiff moved to recommit the report with instructions to the master "to report the evidence relating to bars or gates across the way, the right to which is in controversy between the parties hereto, or if he has reported all the evidence submitted to him to so report," and to report his specific finding of fact on each of certain of the plaintiff's requests for findings.

The plaintiff filed with the clerk of the court certain exceptions to the master's report and filed therewith certain objections corresponding to the exceptions, but it did not appear that these objections had been filed with the master as required by Superior Court Equity Rule 31, and the master's report did not mention or refer to any objections.

The case was heard by *Dubuque,* J., who denied the motion to

recommit the master's report, and overruled the exceptions to the report. He made a final decree confirming the master's report and ordering that the bill be dismissed. The plaintiff appealed.

The case was submitted on briefs.

A. G. Weeks, for the plaintiff.

A. J. Jennings & I. Brayton, for the defendant.

BRALEY, J. The denial of the motion to recommit was discretionary with the trial judge, and his decision should not be set aside. Ginn v. Almy, 212 Mass. 486.

Nor are there any exceptions pending before this court, as the appellant mistakenly assumes. It is settled, that without a special order of the court exceptions to the report of a master are confined to objections presented to and disallowed by him as shown by his report. Smedley v. Johnson, 196 Mass. 316, 317, and cases cited. The report, however, contains no reference to any objections and, no special order having been entered, it was properly confirmed, leaving to the plaintiff on the appeal the question, whether upon the pleadings and the report she has made out a case for relief.

We are of opinion, for reasons to be stated, that the bill should not have been dismissed. The plaintiff and the defendant derive title from a common devisor whose farm on the easterly side abutted on the Drift Road, a public way running north and south. By the terms of the will the devisee under whom the plaintiff claims took the westerly portion, with an easement in fee to pass and repass over the easterly portion to the driftway, he being at one third of the expense of keeping the way in repair. The master, in applying the devise to the premises, finds, that the well defined road, which runs through the defendant's land leading easterly from the plaintiff's land to the driftway, is the right of way or causeway created by the testator, and that neither the plaintiff nor her predecessors in title have ever "defaulted in any duty to share the expense of repairs made to the causeway" which has been in use for something more than a century previous to the present controversy. The plaintiff's right to the use of the way is not impaired, as the defendant has urged, even if of record she is the owner in fee of only six undivided sevenths of the dominant estate. The deed, in which the heir of the one seventh joined with the other tenants only in release of her dower rights,

apparently conveyed the entire estate, and, the deed having been recorded, if the grantee entered into possession claiming title, and openly exercised rights of ownership, there would be evidence of disseisen from which a title by adverse possession could have been found. *Joyce* v. *Dyer*, 189 Mass. 64, 67, 68, and cases cited. But, whatever might have been the result if the master had considered this question, the way is appurtenant to the whole tract, as well as to every part into which it might be divided. *Baldwin* v. *Boston & Maine Railroad*, 181 Mass. 166. And the plaintiff, having remained in undisturbed occupation, is from the very nature of the estate in possession of every part of the property. *Whiting* v. *Dewey*, 15 Pick. 428. *Butrick* v. *Tilton*, 141 Mass. 93. See *Morrison* v. *Holder*, 214 Mass. 366, 370. The report locates the way and establishes the plaintiff's rights of user, which she is not found to have exceeded or unreasonably exercised. *Ganley* v. *Looney*, 14 Allen, 40. But shortly before the bill was filed the defendant, as the master reports, asserted that the plaintiff had no easement or right in the causeway, and forbade her to pass over it. This denial by the owner of the servient estate, coupled with his refusal of ingress and egress, and the master's findings to which we have referred, are sufficient to enable her to seek the aid of a court of equity. *Hogan* v. *Barry*, 143 Mass. 538. *Whittenton Manuf. Co.* v. *Staples*, 164 Mass. 319. *Lipsky* v. *Heller*, 199 Mass. 310.

It is necessary, however, before relief can be administered, to determine what limitations or restrictions of the original easement have been acquired by the open, continuous and adverse acts which the master finds have been exercised by the owners of the servient estate. *Jennison* v. *Walker*, 11 Gray, 423, 425. *Chandler* v. *Jamaica Pond Aqueduct*, 125 Mass. 544, 549. *Smith* v. *Langewald*, 140 Mass. 205, 207. The defendant's farm is divided by the causeway, although the respective proportions on either side do not appear, and he and his predecessors have used it in connection with the northerly and southerly parts. While the owner of the servient estate may fence the sides of the way, the defendant owns the soil and if necessary for his own protection in the pasturage of cattle and use and enjoyment of his property may erect at his own expense gates or bars across the way, at the easterly and westerly entrance, provided they are so located and

maintained as not unreasonably to interfere with the plaintiff's privilege of passage. *Smith* v. *Langewald,* 140 Mass. 205, 207. *Short* v. *Devine,* 146 Mass. 119. *Hamlin* v. *New York, New Haven, & Hartford Railroad,* 176 Mass. 514, 518, and cases cited. *Blais* v. *Clare,* 207 Mass. 67. *Ames* v. *Shaw,* 82 Maine, 379. The great lapse of time undoubtedly accounts for the absence of evidence whether, when the testator died and the farm was divided, gates or bars except at the driftway had been put up and thereafter were renewed whenever necessary, as owner succeeded owner. It is nevertheless certain from the report, that within the memory of living witnesses a barway had been erected and continuously maintained for more than twenty years, at the west entrance of the causeway, on the dividing line between the plaintiff's and defendant's farms. Its removal by the plaintiff, with the substitution of a suitable gate just within the line of her land, is not of course an obstruction of which she can complain. The barway across the causeway in the west line of the driftway which has not been in position for twenty years was preceded by a gate maintained for more than the prescriptive period. It is common knowledge that bars make the use of a way more onerous than the use of a gate, and, the defendant not having acquired by prescription the right to use bars, must remove them and restore the gate.

The barway "just west of the barn" on the defendant's land having been maintained across the causeway for more than twenty consecutive years previous to the filing of the bill, the plaintiff shows no right to have it removed even if the barway has been substituted for a gate which had previously been in use for not quite an equal period. The remaining obstruction of which she complains is the barway described in the report as being between the barway at the barn and the division line. But, the master having also found that a barway at this place has been maintained continuously for more than forty years, it need not be discontinued by the defendant.

What construction should be given to the will * regarding the payment of the remaining two thirds of the expense for necessary repairs, we do not decide. It is not mentioned in the bill or alluded to by the parties.

---

* No copy of the will referred to appeared in the record.

The right of the plaintiff to use the causeway is restricted to the land to which it is attached and does not extend to her other land abutting on the north of the dominant estate. *Davenport v. Lamson,* 21 Pick, 72.

The decree is reversed except as it confirmed the master's report, and a decree with costs is to be entered, locating and defining the way as stated by the master, directing the defendant to remove the bars and restore the gate at the driftway, with the right to maintain, at his own expense, the gate when erected and the bars now in position, provided he keeps them in suitable repair and of such construction that the way can be conveniently used by the plaintiff, and enjoining him from interfering with, or further obstructing, the plaintiff's use of the causeway in connection with the estate to which it is appurtenant.

*Ordered accordingly.*