VINCENZO STUCCHI & another *vs.* ANTHONY M. COLONNA & another, trustees. February 26, 1980. 1. The plaintiffs' principal contention on appeal is that it was error for the Land Court judge to find that the plaintiffs' easement by prescription over the defendants' land was only about ten feet in width and did not extend to commercial and emergency vehicles.

We agree with the result and reasoning of the trial judge, as "[t]he extent of an easement arising by prescription, unlike an easement by grant [citations omitted], is fixed by the use through which it was created." *Lawless* v. *Trumbull*, 343 Mass. 561, 562-563 (1962). The judge's findings are supported by evidence indicating that the right of way was ten feet wide and that use by commerical vehicles had been, at best, "irregular and sporadic." See and compare *Labounty* v. *Vickers*, 352 Mass. 337, 349 (1967). We are thus unable to say that the findings are clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974).

2. The plaintiffs also claim that it was error for the judge to determine (a) that the gates erected by the defendants did not constitute a material interference with the easement, (b) that the gates might be kept locked so long as the plaintiffs were provided with keys, and (c) that the plaintiffs were required to close and lock the gates after passing through. There was no error. See *Western Mass. Elec. Co.* v. *Sambo's of Mass. Inc.*, 8 Mass. App. Ct. 815, 818 (1979), and cases cited. These claims turn on the question "whether a particular use by the servient owner is an inconsistent or materially interfering one." *Id.* at 820. Thus, as we have most recently said, "in determining whether the defendant owner of the servient estate could place a gate over a right of way held by the plaintiff, the court in *Blais* v. *Clare*, 207 Mass. 67, 69-70 (1910), said the question is '[w]hat is reasonable in the use of the property of the respective parties. The plaintiff has a right to use the way in a reasonable manner, having regard to the correlative right of the defendant to use her property in a reasonable way, in reference not only to her own benefit and convenience, but also to the benefit and convenience of the plaintiff.'" *Id.* at 825.

It is well settled that the owner of the servient estate "owns the soil and if necessary for his own protection . . . and use and enjoyment of his property may erect at his own expense gates or bars across the way, . . . provided they are so located and maintained as not unreasonably to interfere with the plaintiff's privilege of passage." *Ball* v. *Allen*, 216 Mass. 469, 472-473 (1914). Cf. *Merry* v. *Priest*, 276 Mass. 592, 599-600 (1931). The judge, after viewing the gates in question and the surrounding area, concluded that the defendants' use of gates was neither unreasonable nor a material interference with the plaintiffs' use. We must accept her findings unless they are clearly erroneous. See *Bartevian* v. *Cullen*, 369 Mass. 819, 820-821 n.2 (1976). See also *Building Inspector of Lancaster* v. *Sanderson*, 372 Mass. 157, 160-161 (1977). The judge noted that the defendant's insurance carrier apparently "imposed the requirement which

led to the fencing and the installation of gates." Moreover, it is evident from the remedy given (i.e., the defendants must provide the plaintiffs with keys to the locks) that the judge focused on balancing the benefits and conveniences to the respective parties. See *Blais* v. *Clare, supra.* Accordingly, we are unable on this record to say that the result reached by the judge is unsupported by the evidence or tainted by error of law.

*Judgment affirmed.*

*Alvin S. Nathanson (Arthur Goldberg* with him) for the plaintiffs.
*Anthony M. Colonna* for the defendants.