BOWEN vs. HOWELL, MISC 20-000088

































 
 MARY BOWEN, et al., Plaintiffs, v. MICHAEL E. HOWELL, et al., Defendants, and MYGAM DANG, et al., Parties-in-Interest
 MISC 20-000088 
 AUGUST 13, 2021
MIDDLESEX, ss.
SMITH, J.
DECISION














 This case concerns the rights of multiple parties who live in the same neighborhood to use an unnamed private way that connects the neighborhood to Commonwealth Avenue in Auburndale. All of the land in the neighborhood is registered. The Plaintiffs, Mary and Richard Bowen (the "Bowens"), own the property over which the unnamed private way passes. They would like to erect a gate or barricade across the way to prohibit use of the way by the public. The Defendants object to the erection of any gate or barricade across the way on the grounds that it will impair their rights to pass and repass over the way to get to Commonwealth Avenue. 





 Objectors to the Bowens' proposed gate include Defendants, Michael E. and Laura M. Howell (the "Howells"), and Defendants, Paul O'Grady and Lynda Lynch ("Lynch-O'Grady"), who the Bowens claim do not have rights in the unnamed way. [Note 1] In an effort to sort out the various rights of the owners of the properties in the neighborhood, the Bowens filed this action. Currently, the Bowens' Second Amended Complaint alleges in Count I a claim for declaratory judgment in which they seek a comprehensive explication of the rights of others in the unnamed way, including a declaration that the Howells and Lynch-O'Grady do not have rights in the way and, therefore, have no right to object to the erection of the gate. In Count II, the Bowens seek a preliminary injunction that will prohibit the defendants from interfering with the Bowens' efforts to erect a gate and mandates that the defendants maintain and repair the unnamed way. Finally, in Count III, the Bowens allege negligence against all the defendants for their alleged failure to participate in the repair and maintenance of the unnamed way. In response, the defendants have asserted a counterclaim that includes a myriad of claims that, in effect, are a mirror image of the Bowens' claims and center around the questions of whether and to what extent they have rights in the unnamed way. 





 The case came before the court on a motion for summary judgment filed by certain Defendants. For the reasons set forth in this decision, the motion is ALLOWED in part, and DENIED in part. 





Facts 





 Count I of the Second Amended Complaint alleges, among other things, that the Howells and Lynch-O'Grady do not have any rights in the unnamed way that passes across the Bowens' property because there is no mention of their rights in the Bowens' certificate of title, or in the chain of title for the Bowens' property. The undisputed facts concerning whether the Howells and Lynch-O'Grady have rights in the unnamed way are found in the title history that has been submitted to the court. 





 1. The properties of all the parties in this case originated with a single parcel of land that was registered in 1920 in Middlesex County Land Court Case No. 7486. The registered parcel was subdivided several times thereafter with the most relevant being the subdivision of Lot 106A depicted on Land Court Plan 7486E in the Registered Land District of the Middlesex Registry of Deeds. 





 2. At the time of the subdivision shown on the E Plan, Lot 106A was owned by Louis Levin. 





 3. The subdivision of Lot 106A created 11 lots, numbered 1 through 11, and 2 roads which were identified as Regina Road and Regina Terrace. Plan 7486E. The plan also depicts a narrow unnamed way that runs along the western boundary of lots 3, 10, and 11 and along the eastern boundary of property owned by "Cyrus Sargent et al." This narrow way depicted on the E Plan has the word "easement" written on it and is the unnamed way in dispute in this case. 





 4. Shortly after Lot 106A was subdivided as shown on the E Plan, lots 2 and 3 were subdivided on Land Court Plan 7486F, which created Lots 2A and 3A. 





 5. On December 12, 1939, Louis Levin conveyed Lot 3A to Margaret A. Keyes by a deed registered as Document No. 162143 in said Deeds (Defendant's Exh. 10). Included in that conveyance was the following grant: 





 "Also the right to use as a private way in common with others entitled thereto a strip of land running Southeasterly from Regina Road adjacent to land of Cyrus Sargent et al to Commonwealth Avenue. The Northeasterly and Easterly line of said way being Forty (40) feet from and parallel to land of said Cyrus Sargent et al and running in part through Lots 9, 10, and 11 on Land Court Plan 7486E filed with Certificate No. 44569."





 6. The private way identified in the conveyance of Lot 3A is the unnamed way at issue in this case. 





 7. Lot 3A is now owned by Lynch-O'Grady and is known as 23 Regina Road. 





 8. On February 27, 1940, Louis Levin conveyed Lot 2A to Sarah J. Monahan and Mary Nally by a deed registered as Document No. 163325 in said Deeds (Defendant's Exh. 5). Included in that conveyance was the following grant which is identical to the language used in the deed from Levin to Keyes in Document No. 162143: 





 "Also the right to use as a private way in common with others entitled thereto a strip of land running Southeasterly from Regina Road adjacent to land of Cyrus Sargent et al to Commonwealth Avenue. The Northeasterly and Easterly line of said way being Forty (40) feet from and parallel to land of said Cyrus Sargent et al and running in part through Lots 9, 10, and 11 on Land Court Plan 7486E filed with Certificate No. 44569." 





 9. Lot 2A is now owned by the Howells and is known as 17 Regina Road. 





 10. On February 29, 1940, Louis Levin conveyed Lot 1 and Lots 4 through 11 to Lillian D. Foster by a deed registered as Document No. 163327 in said Deeds (Defendant's Exh. 6). Included in that conveyance was the following grant which is identical to the language used in the deed from Levin to Keyes in Document No. 162143 and from Levin to Monahan and Nally in Document No. 163325: 





 "Also the right to use as a private way in common with others entitled thereto a strip of land running Southeasterly from Regina Road adjacent to land of Cyrus Sargent et al to Commonwealth Avenue. The Northeasterly and Easterly line of said way being Forty (40) feet from and parallel to land of said Cyrus Sargent et al and running in part through Lots 9, 10, and 11 on Land Court Plan 7486E filed with Certificate No. 44569." 





 11. Lot 10 on the E Plan was subsequently subdivided into Lots 12 and 13 on Land Court Plan 7486H. 





 12. Lot 9 on the E Plan and Lot 12 on the H Plan are now owned by the Bowens and, together, known as 24 Regina Road (Defendant's Exh. 2). 





 13. The Bowens' certificate of title is Document No. 261671 and it references, among other rights, the following appurtenances: 





 "There is appurtenant to said lots 9 and 12 the rights set forth in a deed from Louis Levin to Lillian D. Foster, registered as Document 163327, so far as the grantor has a right to grant same." 





 "There is appurtenant to said lots 9 and 12 the right to use a private way in common with others entitled thereto, a strip of land running Southeasterly from Regina Road to Commonwealth Avenue as set forth in said Document 163327 and said lots are subject to the rights of all persons lawfully entitled to use the same. 





 14. There is no mention in the Bowens' certificate of title of the right granted by Louis Levin in his conveyance of Lot 3A described in registered Document No. 162143 or in his conveyance of Lot 2A described in registered Document No. 163325 to use the unnamed way that now crosses Lots 9 and 12 (part of former Lot 10). 





 15. Based on the summary judgment record, there is no reference in the chain of title for lots 9 and 12 to the rights granted by Louis Levin in his conveyance of Lot 3A described in registered Document No. 162143 or in his conveyance of Lot 2A described in registered Document No. 163325 to use the unnamed way that crosses Lots 9 and 12. 





Discussion 





 Summary judgment is appropriate where there are no issues of genuine material fact and the moving party is entitled to judgment as a matter of law. Hakim v. Massachusetts Insurers' Insolvency Fund, 424 Mass. 275 , 283 (1997); Kourouvacilis v. General Motors Corp., 410 Mass. 706 , 711 (1991). In determining whether genuine issues of fact exist, the court must draw all inferences from the underlying facts in the light most favorable to the party opposing the summary judgment motion. White v. Univ. of Mass. at Boston, 410 Mass. 553 , 556-557 (1991). To prevail, the moving party must affirmatively demonstrate that there is no triable issue of fact. Pederson v. Time, Inc., 404 Mass. 14 , 17 (1989). 





 The Howell and Lynch-O'Grady Properties. The initial question is whether the Howells and Lynch-O'Grady have rights to use the unnamed way to pass and repass from their properties on Regina Road over the Bowens' property to Commonwealth Avenue. The Howells and Lynch-O'Grady each claim to have express easement rights to use the unnamed way while the Bowens assert that no such rights exist because they are not reflected in the Bowens' certificate of title. 





 The titles to all of the properties owned by the parties in this case are registered. Plaintiff's Appendix, p. A0017. As a general premise, the land registration act, G.L. c.185, §1 et seq., is intended to provide certainty of title to owners of land. Commonwealth Elec. Co. v. MacCardell, 450 Mass. 48 , 50 (2007). Section 46 provides that "[e]very plaintiff receiving a certificate of title in pursuance of a judgment of registration, and every subsequent purchaser of registered land taking a certificate of title for value and in good faith, shall hold the same free from all encumbrances except those noted on the certificate." (emphasis supplied) G.L. c.185, §46. In addition, Section 53 provides that "[n]o title to registered land, or easement or other right therein, in derogation of the title of the registered owner, shall be acquired by prescription or adverse possession. Nor shall a right of way be implied under a conveyance of registered land." See also Lasell College v. Leonard, 32 Mass. App. Ct. 383 , 387-388 (1992) (construing G.L. c. 185). "Thus, for registered land to be burdened by an easement, generally the easement must be shown on the certificate of title." Hickey v. Pathways Ass'n, Inc., 472 Mass. 735 , 754 (2015); Commonwealth Elec. Co., 450 Mass. at 50-51; Goldstein v. Beal, 317 Mass. 750 , 757 (1945). There are two exceptions to this rule, however. 





 In Jackson v. Knott, 418 Mass. 704 (1994), the SJC addressed the exceptions to the general rule that the purchaser of registered land takes title free from all encumbrances except those noted on his or her certificate of title. That case concerned access rights to a beach over a way between two waterfront properties in a subdivision comprised of registered land. The certificates of title held by the owners of the two waterfront properties did not mention an easement over the way to the beach in favor of the inland property owners in the same subdivision. In its analysis of whether an easement existed in favor of the inland property owners, the court discussed the two exceptions where an easement can encumber registered land even though it is not described on a certificate of title. First, in limited circumstances, a purchaser may take his or her property subject to an easement if there were facts described on his or her certificate of title which would prompt a reasonable purchaser to investigate further other certificates of title, documents or plans in the registration system. Second, a purchaser may take title to his or her property subject to an easement if the purchaser has actual knowledge of a prior unregistered easement. Jackson, 418 Mass. at 710-711. 





 Whether the first exception applies depends on whether there are facts within the Land Court registration system available to the purchaser at the time of purchase which would lead him or her to discover that the property in question is subject to an encumbrance even if the encumbrance is not listed on his or her certificate of title. Id. at 711. Indeed, if the certificate of title refers to a plan, the reasonable purchaser is expected to review that plan. Id.; see also Hickey, 472 Mass. at 759. Based on what is depicted on the plan or other references in the certificate of title, a purchaser may be required to go further and review other certificates of title, documents, or plans contained within the registration system. Jackson, 418 Mass. at 711-712; Hickey, 472 Mass. at 759; see also Lane v. Zoning Bd. of Appeals of Falmouth, 65 Mass. App. Ct. 434 , 437-438 (2006). 





 In this case, it is undisputed that the Bowens' certificate of title does not mention easement rights over the unnamed way that benefit the lots now owned by the Howells and Lynch-O'Grady. The Bowens argue, therefore, that no such rights can exist under the plain reading of G.L. c.185, §1 et seq. However, this rule as applied to the Bowens' case is not so black and white. 





 There were facts within the Land Court registration system available to the Bowens that should have led them to discover that their property was burdened by easements in favor of Lots 2E and 3E, now owned by Lynch-O'Grady and the Howells, respectively. The Bowens' certificate of title describes their property as Lot 9 on the E Plan and Lot 12 on the H Plan. It also describes the Bowens' right in common with others to use the unnamed way by reference to the deed in registered Document No. 163327 as follows: 





 "There is appurtenant to said lots 9 and 12 the right to use a private way in common with others entitled thereto, a strip of land running Southeasterly from Regina Road to Commonwealth Avenue as set forth in said Document 163327 and said lots are subject to the rights of all persons lawfully entitled to use the same. 





The E Plan shows a subdivision Lot 106A into 11 lots, 10 of which have frontage on either Regina Road or Regina Terrace with a narrow way that runs from Regina Road to Commonwealth Avenue, across what is now the Bowens' property, that has the word "easement" written along it. [Note 2] The H Plan shows the same narrow way. The depiction of the narrow "easement" that extends from Regina Road to Commonwealth Avenue along with the language in the certificate of title that others had the right to use it should have prompted the Bowens to review the certificates of title for all the other lots in the subdivision that came out of the E Plan. Hickey, 472 Mass. at 759; Jackson, 418 Mass. at 712. Had they done so, they would have found that the owner of the original subdivision, Louis Levin, conveyed Lot 3E to Margaret Keyes in December 1939 and conveyed Lot 2E to Monahan and Nally in February 1940 both with the express right to use the unnamed way to travel from Regina Road to Commonwealth Avenue. Both conveyances were made before Levin's conveyance of Lot 1 and Lots 4 through 11 to Lillian D. Foster on leap day, 1940, as shown on Document No. 163327. The fact that the Bowens' certificate of title does not explicitly mention the easements granted to Lots 2E and 3E is of no consequence. 





 Under the first exception of Jackson v. Knott, the Bowens acquired their property subject to the rights of the owners of Lots 2E and 3E to use the unnamed way to travel from Regina Road to Commonwealth Avenue. [Note 3] Therefore, the Howells and Lynch-O'Grady have the right to use the unnamed way over the Bowens' property in accordance with the language contained in their respective certificates of title. These rights are identical to the rights created in the deed registered as Document No. 163327 in favor of Lot 1 and Lots 4 through 11 which created an appurtenant right to use the unnamed way in favor of each of those lots. [Note 4] 





 The Proposed Gate. The motion for summary judgment also seeks a ruling that the Bowens are precluded from erecting a gate or barricade across the unnamed way because any such gate or barricade will, as a matter of law, unreasonably interfere with the defendants' rights to use the unnamed way. The Bowens, on the other hand, argue that the issue of whether their gate will unreasonably interfere with the rights of the other owners is not ripe because they have not yet decided the type of gate they intend to install and, therefore, it is not possible to determine whether or to what extent a gate will interfere with the rights of the other owners. 





 The ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." McInnis-Misenor v. Maine Med. Ctr., 319 F.3d 63, 70 (1st Cir. 2003), quoting Abbot Lab. v. Gardner, 387 U.S. 136, 148 (1967). Courts apply a two-prong test to determine whether an issue is ripe for adjudication. The court must look to (i) the fitness of the issue for judicial decision; and (ii) the extent to which withholding judgment will impose hardship on the parties. Roman Catholic Bishop of Springfield v. City of Springfield, 724 F.3d 78, 89 (1st Cir. 2013). 





 The first prong focusses on "subsidiary queries concerning finality, definiteness, and the extent to which resolution of the challenge depends upon facts that may not yet be sufficiently developed." Ernst & Young v. Depositors Economic Protection Corp., 45 F.3d 530, 535 (1st Cir. 1995). "The critical question is whether a 'claim involves uncertain and contingent events that may not occur as anticipated, or indeed may not occur at all.'" Froio Management Group, Inc. v. Bargain Discount Markets, Inc., 23 LCR 724 , 727 (2015) (Misc. Case No. 15 MISC 000377) (Foster, J.) (citations omitted). "The point is to avoid deciding hypothetical questions." Id. The second prong focuses on the hardship to the parties if the court withholds judicial review. Ernst & Young, 45 F.3d at 535. In assessing hardship, the court should ask "whether granting relief would serve a useful purpose, or, put another way, whether the sought-after declaration would be of practical assistance in setting the underlying controversy to rest." Verizon New England, Inc. v. International Bhd. of Elec. Workers, Local 2322, 651 F.3d 176, 188 (1st Cir. 2011) (citations omitted).





 The parties to this case, in the Second Amended Complaint and in the Counterclaim, ask the court to determine whether the Bowens can erect a gate or barricade across the unnamed way to exclude the public from using the way. Applying the two-prong test described in Roman Catholic Bishop of Springfield v. City of Springfield, the Bowens' proposal to erect a gate or barricade is entirely hypothetical except for a small photograph embedded in a letter from the Bowens' lawyer to the defendants dated July 24, 2017. Plaintiff's Appendix, p. A0116. Even that letter admits that "the actual gate to be installed across the Private Way may not be identical to the one shown below, but it will be similar." Plaintiff's Appendix, p. A0118. At this stage, the parties are asking the court to answer a hypothetical question the answer to which will likely change depending on the type of gate or barricade the Bowens decide to install. Furthermore, if the court were to answer this hypothetical question in the abstract, it is unlikely that the parties would benefit in a way that would assist in resolving their controversy because this is an inherently factual dispute. At this early stage, the dispute over the proposed gate is not ripe for adjudication. 





 This conclusion notwithstanding, there are certainly cases where a court has ruled that a gate did not unreasonably interfere with an easement holder's right to use a way. See Hodgkins v. Bianchini, 323 Mass. 169 (1948); Merry v. Priest, 276 Mass. 592 (1931); Blais v. Clare, 207 Mass. 67 , 69 (1910); Stucchi v. Colonna, 9 Mass. App. Ct. 851 (1980). In those cases, the principles that guided the court's analysis included the well-established rule that the owner of real estate burdened by an easement may make all beneficial uses of his property that are consistent with the easement. M.P.M. Builders, LLC v. Dwyer, 442 Mass. 87 , 91 (2004). However, that owner must avoid activities that are inconsistent with the rights of an easement holder to use the easement. Id.; Perry v. Planning Bd. of Nantucket, 15 Mass. App. Ct. 144 , 158 (1983); Texon, Inc. v. Holyoke Machine Co., 8 Mass. App. Ct. 363 , 366 (1979). In each case, the court must balance the rights of the owner of the servient estate to erect a gate or barricade with the rights of the easement holders to use the way. See Yagjian v. O'Brien, 19 Mass. App. Ct. 733 , 735 (1985); Western Massachusetts Elec. Co., v. Sambo's of Massachusetts, Inc., 8 Mass. App. Ct. 815 , 825 (1979); Stucchi, 9 Mass.App.Ct. at 851. The Yagjian court explained the balancing test as follows: 





 Depending on conditions, cases have reached varying conclusions concerning the adverse character of gates or barways erected by servient owners across a right of way, not to impede use of the way, but to facilitate use of the servient estate. [citations omitted.] Unlocked gates or barways may have the practical effect of burdening or delaying passage, but by their very nature, they are consistent with, and contemplate, passage. The cases on this subject have tended to weigh slight inconvenience to the dominant owner's use of the way against the servient owner's freedom to use his property in a reasonable manner for his own benefit and convenience and strike an equitable balance. The question is whether the interference is so slight as to be reasonable in all the circumstances." 





Yagjian, 19 Mass.App.Ct at 735 (emphasis supplied). 





 In this case, the language used to describe the purpose of the unnamed way was for passage from Regina Road to Commonwealth Avenue for the owners of Lots 1 through 11 on the E Plan. The right to use the unnamed way is not otherwise limited. The settled law allows the Bowens to use their land in any way that does not unreasonably interfere with the rights of the other property owners to use the way. Whether the Bowens may erect a gate or barricade is an inherently factual question that cannot be answered on summary judgment particularly where the Bowens have not yet built the gate or barricade nor have they adequately described the gate or barricade they would like to erect. There may very well be a scenario where the interference of a gate or barricade with passage by the defendants is so slight that it would not unreasonably interfere with their rights to use the way. However, that determination will have to wait until the Bowens either propose a gate that is defined as to its location, dimensions, and manner of operation or they install a gate over the objections of the defendants. For now, the issue is not ripe for the court's consideration. 





 Defendants' Obligation to Maintain Way. Finally, Count I seeks a declaration that the defendants are responsible to repair and maintain the unnamed way. The language of the Bowens' certificate of title does not support such a declaration. 





 The holder of an easement has the right to maintain and repair the easement area absent language in the easement that shifts that burden to the owner of the servient estate. Hodgkins v. Bianchini, 323 Mass. 169 , 173 (1948); Mt. Holyoke Realty Corp. v. Holyoke Realty Corp., 298 Mass. 513 , 514 (1937). "When an easement or other property right is created, every right necessary for its enjoyment is included by implication." Hodgkins, 323 Mass. at 173; see Anderson v. DeVries, 326 Mass. 127 , 134 (1950); Sullivan v. Donohoe, 287 Mass. 265 , 267 (1934). However, this right is in the nature of a privilege and not an obligation. Conversely, absent an express requirement, the owner of the servient estate has no obligation to maintain or repair an easement that benefits others. See Archambeault v. Williams, 359 Mass. 742 , 743 (1971). 





 In this case, the language that created the rights of the defendants to use the unnamed way did not address which party or parties had the responsibility to maintain or repair the way. Absent that language, the general rule is that the defendants have the right to maintain or the repair the way at their own expense, but they have no legal duty to do so as alleged by the Bowens. [Note 5] 





Conclusion 





 In light of the rulings set forth in this decision and the fact that the parties have not engaged in discovery, it is unclear whether there are any claims remaining that are ripe for adjudication. Although the Bowens have not filed a motion for summary judgment on the defendants' counterclaim, the rights of the defendants to use the unnamed way are fully adjudicated by this decision. To the extent that the counterclaim asserts causes of action that arise out of hypothetical situations that have not yet occurred or may not occur at all in the future (Count IV), they are not ripe for adjudication. Likewise, to the extent that any of the claims of the parties seek damages under a tort theory, this court does not have subject matter jurisdiction if the damages sought are not ancillary to their claims for declaratory relief. 





 For the reasons set forth in this decision, the defendants' motion for summary judgment is ALLOWED in part and DENIED in part as follows: 





 1. Defendants' motion is ALLOWED as to the claim in Count I of the Second Amended Complaint that Defendants, Michael E. and Laura M. Howell, owners of 17 Regina Road (Lot 3E on Plan 7486F) do not have a right to use the unnamed way. The Howells have an express right to use in common with others the unnamed way depicted on Land Court Plans 7486E and 7486H and described in Document No. 163325 to pass from Regina Road to Commonwealth Avenue. In so ruling, judgment shall also enter in favor of the defendants on Count V of their counterclaim. 





 2. Defendants' motion is ALLOWED as to the claim in Count I of the Second Amended Complaint that Defendants, Paul O'Grady and Lynda Lynch, owners of 23 Regina Road (Lot 2E on Plan 7486F) do not have a right to use the unnamed way. They have an express right to use in common with others the unnamed way depicted on Land Court Plans 7486E and 7486H and described in Document No. 162143 to pass from Regina Road to Commonwealth Avenue. In so ruling, judgment shall also enter in favor of the defendants on Count V of their counterclaim. 





 3. Defendants' motion is DENIED as to the claim in Count I of the Second Amended Complaint that the defendants can preclude the Plaintiffs, Mary and Richard Bowen, from constructing a gate or barricade across the unnamed way because that issue is not ripe for a determination at this time. 





 4. Defendants' motion is ALLOWED as to the claim in Count I of the Second Amended Complaint that the defendants must, as a matter of law, maintain and repair the unnamed way. The defendants have no obligation to maintain and repair the unnamed way under the terms of the easement described in Document Nos. 162143, 163325, and 163327; and 





 5. Prior to the entry of either a partial or final judgment on the defendants motion of summary judgment, the parties are ORDERED to collaborate on a written joint status report to be submitted to the court within 30 days of this decision. The parties to advise the court, in light of the rulings made in this decision, whether there are any issues that remain to be tried to the court, each party's readiness for trial, and whether there is a need for further discovery. Upon review of the joint written statement, the court will assign the case for either a status conference or a pretrial conference. 





FOOTNOTES
[Note 1] At the time that the Bowens commenced this action, they named Marie T. Keyes, Trustee of the Marie T. Keyes 2014 Revocable Trust, as one of the defendants. Keyes sold her property to Lynch-O'Grady on September 23, 2020 so they were substituted as parties in the Second Amended Complaint. 

[Note 2] Lots 4 and 9 have frontage on both Regina Road and Regina Terrace. 

[Note 3] Whether the second exception of Jackson v. Knott is also applicable cannot be determined on summary judgment as there are genuine disputes of fact between the parties. 

[Note 4] The owners of the other lots that benefit from the right to use the unnamed way are: Paula Chesbrough, Lot 1 (11 Regina Road); Patricia A. Slate, Trustee et ux, Lot 4 (12 Regina Road); Gerald E. Butterworth, Lot 5 (vacant lot); Susan H. Butterworth, Lot 6 (14 Regina Terrace); Gerhard Mitterreger and Alyssa Kneller, Lot 7 (11 Regina Terrace); Debra L. Tocman, Lot 8 (7 Regina Terrace); and Mygam and Kim Dang, Lot 11 (2157 Commonwealth Avenue). 

[Note 5] The Second Amended Complaint also asserts a claim for damages in Count III alleging that the defendants have been negligent in their obligation to maintain and repair of the unnamed way. Based on the language of the certificates of title in question, the defendants do not have a duty to maintain or repair as alleged by the Bowens. Regardless, it is doubtful that this court has subject matter jurisdiction over Count III as that claim is not ancillary to the Bowens' claims for declaratory relief as described in Ritter v. Bergmann, 72 Mass. App. Ct. 296 , 299-301 (2008). The same goes for the defendants' counterclaims that sound in tort. 


 
 Home/Search 
 Land Cases by Docket Number
 Land Cases by Date 
 Land Cases by Name
 


 Commonwealth of Massachusetts. Trial Court Law Libraries. Questions about legal information? Contact Reference Librarians.